## KNOULTON v. REDENBAUGH.

1. **Sale of Personal Property:** WHEN CONDITIONAL. Section 1922 of the Code, requiring conditional sales to be witnessed in writing, acknowledged and recorded, does not apply to a sale consummated before the enactment of the statute.

2. **Constitutional Law:** RETROSPECTIVE STATUTE. The intention of the legislature to make a statute retrospective in its operation, must be clearly expressed to justify such a construction.

*Appeal from Harrison District Court.*

TUESDAY, DECEMBER 15.

ACTION of replevin. Plaintiff alleges that he is the absolute owner of a certain John H. Manny reaper and mower, of

the value of one hundred dollars. That on the 8th day of July, 1871, he bargained the same to one J. H. A. Cart. by a certain contract executed and signed by the said Cart, wherein he agreed to pay therefor on or before the 1st day of January, 1874, the sum of ninety-five dollars, and that the title and ownership should not pass from plaintiff until the note is fully paid, and that if plaintiff should at any time deem himself insecure he might before maturity declare the note due, and take possession of the machine.

The petition further alleges that Cart never paid the purchase price, and that plaintiff still remains the owner of the machine, that the defendant, Brady, wrongfully detains the same, and alleges as cause thereof that he holds said mower by virtue of the levy of an attachment thereon, at the suit of one J. S. Redenbaugh, against the said J. H. A. Cart, as a constable.

The defendant demurred as follows: "Said petition does not state that the conditional contract of sale of said John H. Manny reaper and mower, to the said J. H. A. Cart, was ever recorded as required by law, nor that this defendant had any knowledge of said conditional sale, prior to his giving credit to the said J. H. A. Cart."

The court sustained this demurrer, and, the plaintiff refusing to plead further, found the defendant entitled to the possession of the property. Plaintiff appeals.

*T. E. Brannan*, for appellant.

*J. R. Zuver*, for appellee.

DAY, J.—From the petition it appears that the bargain of sale was made July 8th, 1871. The petition does not show when the debt to Redenbaugh, on account of which the attachment was levied upon the property in controversy, was contracted; but the argument seems to concede that it was contracted subsequently to the act of the 14th General Assembly, Code of 1873, Section 1922. This Section is as follows: "No sale, contract. or lease, wherein

the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any creditor or purchaser of the vendee, or lessee in actual possession obtained in pursuance thereof, without notice, unless the same be in writing, executed by the vendor or lessor, acknowledged and recorded as chattel mortgages." The question involved is this: Where a conditional sale of personal property was made prior to the enactment of the above section. is it necessary that the writing above named should be executed, acknowledged and recorded by the vendor, in order that the contract may be valid against a creditor or purchaser without notice, becoming such after the passage of this statute? It may be conceded that no constitutional provision would be violated by requiring the vendor to execute, acknowledge and record a paper showing the conditional nature of a sale before made, in order to the enforcement of the same against subsequent creditors and purchasers. But the above statute does not contain any such requirement. It provides that the sale shall be in writing, executed by the vendor, acknowledged and recorded. Now whilst the vendor might execute, acknowledge and record a writing, showing that he had, on a previous day, made a conditional sale of personal property, he could not by such writing make sale of property which had long before been sold. It is impossible, therefore, to comply with the provisions of this statute, where the personal property to which it is sought to apply its requirements was sold long prior to the passage of the law. But, if the statute in its terms applies to a sale made before its passage, and such sale in the nature of things cannot be made in writing, having already been made without writing, and the statute does not provide for the filing of a paper showing the conditional nature of a sale previously made, then, as to such sale the statute must be unconstitutional, because it would impair the obligation of a contract.

Besides a statute will not be construed to be retrospective, unless the intention of the legislature to make it so is clearly expressed. *Bartruff v. Remey*, 15 Iowa, 257. It seems to us that no such intention can fairly be deduced from the statute in question. Certainly

2. CONSTITU-TIONAL LAW: retrospective statute.

no such intention is clearly expressed on the face of the enactment.

We think the court erred in sustaining the demurrer.

REVERSED.