## MOSELEY & BRO. v. SHATTUCK.

1. **Vendor and Vendee:** POSSESSION OF PERSONAL PROPERTY. The possession of personal property is not conclusive evidence of ownership, nor does a change of possession estop the party who has surrendered it from asserting his title in the article surrendered.

2. ——: CONDITIONAL SALE. Where there is a conditional sale of personal property, the title does not pass to the vendee until the price is paid.

3. ——: ——: STATUTE. Section 1922 of the Code, requiring conditional sales to be witnessed in writing, acknowledged and recorded, does not apply to contracts made before the enactment of the statute.

*Appeal from Allamakee Circuit Court.*

WEDNESDAY, JUNE 14.

THE plaintiffs allege that they are the owners and entitled to the immedite possession of a certain organ, and they claim of defendant the sum of $150 for the alleged conversion thereof. The defendant answers as follows: "1. Comes now the defendant, and for his amended and substituted answer to plaintiff's petition herein admits that plaintiffs were the owners of said organ in plaintiff's petition described, to-wit: on the 7th day of March, 1872; but avers that plaintiffs at said date placed the same in possession of one D. C. Beckwith, and clothed the said Beckwith with the apparent absolute ownership of said organ, and negligently, designedly and fraudulently allowed the same to remain in the possession of said D. C. Beckwith, with such apparent ownership as aforesaid for, to-wit: three years; that defendant, relying upon said apparent ownership of said Beckwith, and upon the acquiescence of plaintiffs therein as aforesaid, purchased the said organ of the said D. C. Beckwith in good faith, and for a full consideration, and that he paid the purchase money therefor before he had any notice, either actual or constructive, that plaintiffs had or claimed to have any ownership or interest in or to said organ. Defendant, therefore, claims that plaintiffs are estopped from claiming any right, title or inter-

est in or to said organ, as against this defendant, by reason of the foregoing facts."

"2. That heretofore, to-wit: on the 7th day of March, 1872, plaintiffs sold to one D. C. Beckwith, conditionally, the said organ in plaintiff's petition described, for the sum of one hundred and fifty dollars, and that the same has been paid. Wherefore defendant asks cost of suit."

The demurrer of plaintiff to the first count of defendant's answer was sustained, to which ruling the defendant excepted.

The cause was tried by the court, and judgment was rendered for plaintiffs for $26.12. Defendant appeals.

*John T. Clark & Co.*, for the appellant.

*Dayton & Dayton* and *J. W. Pennington*, for the appellees.

DAY, J.— I. The demurrer to the defendant's answer was properly sustained. The only issuable fact which it avers is, that plaintiff placed the organ in possession of Beckwith, and thus clothed him with the apparent ownership. But every one does this who lends an article to another; for possession of personal property is *prima facie* evidence of ownership. Yet the lender may always reclaim his property if the borrower should dispose of it by sale. It is true the answer further alleges that plaintiff carelessly, designedly and fraudulently allowed the organ to remain in Beckwith's possession. But these are allegations; not of facts, but of inferences or conclusions. The facts should have been stated upon which these conclusions are based, or from which these inferences are drawn.

1. VENDOR and vendee: possession of personal property.

II. The plaintiffs offered in evidence an instrument in writing, dated Madison, Wisconsin, March 7th, 1872, and signed by D. C. Beckwith, as follows:

"Received from Mosely & Bro. one organ, made by Peloubet & Pelton, No. 15196, upon hire for the use thereof, to be carefully kept and preserved by me, and returned to said Moseley & Bro. unless I shall purchase the same, which I have the privilege of doing provided I first pay the sum of

$150, with interest at the rate of ten per cent per annum, as follows: $12.50 on the 1st day of March, 1872, the balance to be divided in eleven equal payments, to be paid on the tenth day of each month. But if said sum is not paid in full, with interest, at the time and in the manner aforesaid, then any and all payments are to be treated as rent paid for the use of said organ, at the rate of ten dollars per month, and insurance thereon against all damages of any kind done thereto, and all expenses in and about the taking possession and care of the same, including the services of attorneys, agents and servants, so that the undersigned shall have a claim against the said Moseley & Bro. for any such sum, if any, as the aforesaid payments actually made shall exceed the rent and expenses aforesaid.

"But nothing herein contained shall be construed as giving to me any title to said organ, or right to dispose of the same until said sum of $150 and interest are fully paid. I am not to remove said property from my present residence without the consent of said Moseley & Bro, and in case of such removal or neglect to pay and purchase as aforesaid, they may take said property into their possession." Upon this instrument were indorsed various payments, amounting in all to $139.50.

The defendant objected to the admission of this instrument as evidenced upon the following grounds:

"1. Of a variance between petition and contract; the contract does not support the petition, as the plaintiff claims absolute ownership and the contract shows only a limited and qualified interest.

"2. That there is no averment in petition that said contract has not been fully complied with, and there is nothing in petition assigning any breach of said contract.

"3. That the plaintiff has not set forth the contract or a copy of it in petition. That defendant has had no opportunity to take issue on plaintiff's written contract, nor the breaches therein. Defendant has had no opportunity to deny under oath the signature of said contract. That the plaintiff cannot establish his title to this organ by the contract between

him and a third person; and further, that the contract is void as to defendant, a *bona fide* purchaser without notice, the contract never having been recorded."

The court overruled the objection. Defendant excepted, and now assigns the ruling as error.

1. If it should be conceded, as appellant claims, that the contract shows in plaintiff only a limited and qualified interest, still the objection made to the introduction of the contract on that ground is not tenable. Section 2729 of the Code provides: "A party shall not be compelled to prove more than is necessary to entitle him to the relief asked, or for any lower degree included therein." If plaintiffs did not own the organ absolutely, still, under the petition, they were entitled to the value of whatever interest they had in it.

2. The objection that there is no averment in the petition showing a breach of the contract, is met by the consideration that the suit is not upon the contract, but for damages for the conversion of property, the contract being introduced merely as a means of proving plaintiff's ownership. This suggestion also answers the first three assignments of objections contained under the third head.

3. It is objected that the plaintiffs cannot establish their title to this organ by the contract between them and a third person. It may be true that in most cases something more than a contract between plaintiffs and a third person might be necessary to establish title; yet in any case such contract might be admissible as tending to show such title. But in this case the defendants claim to have derived their title from this very third person with whom the contract was made. Surely it is proper to show what the respective interests of plaintiffs and this third person, to-wit: Beckwith, are.

4. It is objected that this contract is void as to defendant, a *bona fide* purchaser without notice, because it has not been recorded. The contract establishes a conditional sale. It has been held by this court that under such an agreement as the one above set out, the title does not pass to the vendee till the price is paid. *Bailey v. Harris,*

2. ——: conditional sale.

8 Iowa, 331; *Robinson v. Chapline*, 9 Iowa, 91; *Baker v. Hall*, 15 Iowa, 277.

On the 18th day of April, 1872, and after this contract was made, Chapter 63, Laws 1872, was approved—Section 1922 of the Code—which in substance provides that no conditional sale shall be valid against creditors or purchasers of the vendee, unless in writing and recorded. Appellant claims that this statute is retrospective. That it is not so was determined in *Knowlton v. Redenbaugh*, 40 Iowa, 114. All the objections of defendant to the introduction of this contract were properly overruled.

*3. ——: ——.*
*statute.*

The record discloses no error prejudicial to defendant. It may be that, under the testimony, the judgment should have been for the value of the organ, but of this appellant should not complain.

AFFIRMED.