Hahn v. Miller.

REVERSED.

---

HAHN v. MILLER.

1. **Former Adjudication**: RULE STATED AND APPLIED. The judgment of a court of competent jurisdiction is conclusive between the parties upon all questions directly involved in the issue and necessarily determined by it. Accordingly, where plaintiff, in a former action against defendant, sought to recover on account of the obstruction of an alleged natural water-course, and one of the necessary questions in that case was whether the alleged water-course was really such, in contemplation of law, or only a way of escape for surface water, and there was a general verdict for defendant, and judgment accordingly, *held* that this was an adjudication of that question against plaintiff, and that he could not maintain another action against defendant for the obstruction of the same alleged water-course, though in the new action he alleged that the obstruction had been made wider and higher.

| 68 | 745 |
| 85 | 142 |
| 85 | 435 |
| 68 | 745 |
| 87 | 260 |
| 68 | 745 |
| 102 | 570 |
| 68 | 745 |
| 107 | 263 |
| 68 | 745 |
| 121 | 742 |
| 68 | 745 |
| 136 | 37 |

2. ———: QUESTION OF LAW OR FACT. If there is a question as to whether the facts involved in a former suit are the same as those involved in a pending case, it should be submitted to the jury; but where there is no dispute about the identity of the facts, the question whether the judgment in the former case is a bar to the pending action is one for the court.

### Appeal from Muscatine Circuit Court.

### FRIDAY, APRIL 23.

ACTION for the abatement of a nuisance, and for the recovery of damages caused thereby. The defendant answered that the matters alleged in the petition had been adjudicated in a former action between the parties. The verdict and judgment were for defendant. Plaintiff appeals.

*D. C. Cloud* and *Richman, Buck & Russell,* for appellant.

*J. Carskaddan* and *Brannan, Jayne & Hoffman,* for appellee.

REED, J.—Plaintiff and defendant are the owners of adjoining farms, plaintiff's farm being situated east of the one owned by defendant. The alleged nuisance consists of an embankment erected and maintained by defendant near the line between the two farms. Plaintiff claims that this embankment obstructs a watercourse through which the waters from certain living springs, which arise east of his farm, and that which overflows in wet seasons from certain marshes and sloughs, also lying east of his farm, and the shed or surface water from a large scope of country, flow; and that it causes the waters which otherwise would pass off through said water-course to flow back upon his land, greatly injuring the same, and rendering it unfit for cultivation. It is alleged in the petition that such water-course had existed for more than ten years prior to the twentieth day of December, 1878, and that the waters had flowed uninterruptedly through it, and that it passed through both

1. FORMER adjudication: ruled stated. and applied

of said farms; also that since that date defendant, in addition to a dam or embankment which he had theretofore maintained, had erected an embankment about 230 feet long, and, for a portion of the distance, three feet in height; and in an amendment to the petition, which was filed before the trial, it is alleged that since the commencement of the action he has extended said embankment until it is 1,100 feet in length. The action was commenced on the twenty-third of May, 1883. The judgment relied upon by defendant as constituting an estoppel was rendered at the May term, 1881, of the district court of Muscatine county, in an action brought by plaintiff against defendant.

The defendant, on the trial in the circuit court, introduced the pleadings in the former action; also the evidence introduced on the trial, and the instructions given by the court to the jury; also the verdict found by the jury, and the judgment rendered thereon. The petition in that action alleged the ownership by the parties of the same premises described in this petition; also the existence of a natural water-course through the lands described. It also charged that on the twenty-fifth of November, 1878, defendant obstructed said water-course by erecting a dam or embankment across the same at the point where it was intersected by the line dividing the two farms; and that said embankment was three feet high and 120 feet long; also that said embankment had caused the waters of the stream to flow back upon plaintiff's land, and injure the same; and the prayer was for damages for the injury thus occasioned, and for the abatement of the nuisance. The answer in the case was a general denial of the allegations of the petition. The record shows that the case was tried on its merits, and that there was a general verdict for the defendant, on which the court entered judgment. A number of the witnesses examined by the plaintiff on this trial testified on their cross-examination that they were examined on the former trial, and that their testimony related to the same alleged water-course which was in question in the

present action, and there was no contradictory evidence on this point. There was evidence, however, which tended to show that the embankment, as it had been maintained by the defendant since the former trial, was some higher and much longer than it was at that time, and that in its present condition it caused more of plaintiff's land to be overflowed than was overflowed while the embankment was maintained in the condition in which it was before the former trial. The circuit court ruled as matter of law that plaintiff was estopped by the former judgment from maintaining the action, and so instructed the jury. The only questions arising in the case are as to the correctness of this ruling.

The general rule undoubtedly is that the judgment of a competent court is conclusive between the parties upon all questions directly involved in the issue and necessarily determined by it. Counsel for appellant do not deny that this is the rule; but their position is that the matters upon which plaintiff seeks relief in this action are matters arising after the institution of the former suit, which were neither involved in the issues in that suit, nor determined by the judgment rendered in it. They say that the relief demanded in this action is against the injuries occasioned by the nuisance maintained by the defendant since the former suit, which is materially different both in its extent and effect from the one maintained before that suit was instituted, and consequently that plaintiff is not barred by the judgment from maintaining an action for relief against them. We are of the opinion, however, that this position cannot be maintained.

An analysis of the pleadings in the two cases will show, we think, that the right alleged by plaintiff in the present action, and for the violation of which he seeks relief, is the same right which he asserted in the former action, and the wrong of which he complains is the same as that of which he complained in that action. He complained in the former suit that the embankment which defendant had erected obstructed a water-course, and caused the water therein to overflow his land to his injury.

The answer of defendant put in issue all the allegations in the petition, and put upon plaintiff the burden of proving every fact material to his right of recovery. Under the issue he was required to prove his ownership of the land alleged to have been injured, the existence of the alleged water-course, the erection by defendant of the embankment, and that it caused the waters of the stream to flow back upon and injure the land; and the instructions of the court given upon the trial submitted each of these questions to the jury for their determination. If the verdict of the jury had been special, and it was made to appear by the record that plaintiff's failure to recover was owing to the failure to prove that the embankment as it then existed had the effect to cause the water to overflow his land, the judgment would not estop him from showing, in a subsequent action, that, as subsequently maintained, it had the effect to cause such overflow. See *Corwin v. Wallace*, 17 Iowa, 374; *Cromwell v. Sac Co.*, 94 U. S., 351. But the verdict and judgment were general, and upon the merits. They must therefore be regarded as an adjudication of all the issues in the case. *Finch v. Hollinger*, 46 Iowa, 217. The judgment, therefore, determines, as between the parties, that what plaintiff claimed was a natural water-course had no existence as such, but that the waters which accumulated at the place in question were mere surface waters, and that defendant had the lawful right to defend his premises against the same by the means employed by him for that purpose. But the injury complained of in the present action, and against which plaintiff demands relief, is that caused by the flowing back of the water upon his premises by this same means. To establish his right of recovery he must prove the same facts which were involved in the issue in the former action. The same evidence which would establish his right of recovery in this action would also have established his claim in the former cause, and the most infallible test as to whether a former judgment is a bar, is to inquire whether the same evidence will maintain both the

Hahn v. Miller.

present and the former action. Freem. Judgm., § 259. It can make no difference that the embankment as now maintained has the effect to throw back on plaintiff's land a greater quantity of water than was thrown back by it as it was maintained when the former suit was instituted; for the right to protect his premises by the means employed against the waters which would flow upon them at the place in question (which, as we have seen, is one of the rights determined by the judgment) necessarily implies that defendant has the right to protect them by like means from all the waters which accumulate at that point.

It is insisted, however, that the question whether the matters complained of in this action are the same matters of

2. ——.  which plaintiff complained in the former action
question of
law or fact.  was one of fact, to be determined by the jury, and that the court, therefore, erred in not submitting it to the jury for determination. If there had been a disputed question of fact in the case, it, of course, would have been the right of the parties to have it passed upon by the jury. But there was no such question. When the evidence was introduced, the question to be determined was as to the legal effect of a state of facts, concerning which there was no conflict, and it was the province of the court to determine that question.

We find no error in the record, and the judgment will be

AFFIRMED.