## HAWK & CO. v. EVANS *et al.*

1. **Former Adjudication :** RECOVERY OF MONEY FROM ATTORNEYS : SUMMARY PROCEEDINGS. E. and R. had been partners as attorneys at law, and had received of plaintiffs a claim for collection. Before it was collected the partnership was dissolved, and the claim passed into E.'s hands, who afterwards made the collection, but failed to account to plaintiffs. Plaintiffs afterwards proceeded summarily against E. and R. by motion, under section 2906 of the Code, for a final order on E. and R. for the payment of the money. A trial was had thereon, and the judgment dismissing the special proceeding recited that the court "heard the testimony adduced in support of the motion" and denied the motion as to R. *Held* that that was a complete adjudication that R. was not liable, and was a bar to a subsequent action against R. to recover the money collected. [REED, C. J., *dissenting.*]

2. **Libel :** SUMMARY PROCEEDING AGAINST ATTORNEY FOR MONEY COLLECTED. A motion for an order upon an attorney to pay over money collected by him, under section 2906 of the Code, and which contains only a statement of the facts essential to the recovery of the relief asked, is a privileged communication. and is not libelous.

*Appeal from Harrison District Court.* — HON. C. H. LEWIS, Judge,

FILED, JANUARY 22, 1889,

THE defendants were at one time practicing law under the partnership name of Evans & Roadifer, and this action was brought to recover a certain amount of money collected by them as such attorneys, which they had refused to account for. The defendant Roadifer alone appeared, and pleaded a prior adjudication, and also a counter-claim, based on a libelous communication. Trial by jury, judgment for the plaintiff, and the defendant Roadifer appeals.

*S. I. King*, for appellant.

*John A. Berry*, for appellees.

VOL. 76—38

ROTHROCK, J.—The evidence tended to show that the plaintiff placed in the hands of the defendants, as attorneys at law, for collection, a claim or demand against R. B. Ely. At that time the defendants were partners, and as such received the claim for collection. Afterwards such partnership was dissolved, and thereafter Ely paid the amount due on the claim to the defendant Evans. Prior to the commencement of this action, the plaintiff commenced a proceeding against the defendants, under the provisions of section 2906 of the Code, which provides as follows: "Judgments or final orders may be obtained on motion by * * * clients against attorneys, plaintiffs in execution against sheriffs, * * * for the receiving of money or property collected by them. * * *" It is also provided in section 2910 of the Code that such "motion shall be heard and determined without written pleadings, and judgment given according to law and the rules in equity." In the proceeding so commenced by the plaintiff the relief asked was for "a summary order against said defendants, and each of them, as aforesaid, requiring them to pay over to these plaintiffs the said sum," etc. There was a trial, and the "court, being fully advised, denied the motion." This is the judgment which was pleaded as a prior adjudication, and the court held it did not amount to an adjudication which barred this action.

I.  It will be observed that the plaintiff in the special proceeding only asked for a final order requiring the defendants to pay over the money collected by them, or either of them; and, as such an order cannot be enforced by execution, counsel for the plaintiff insists there has been no adjudication. But is this a sufficient answer? Under the statute, the plaintiff could have asked for a judgment, and we are aware of no rule of law under which a prior adjudication has been defeated simply because a party has not asked for all the relief to which, under the facts pleaded, or in this case stated in the motion, he was entitled. It is

obvious that the plaintiff could have asked for a judgment or final order, or possibly for both. Now, the fact that he only asked for the latter cannot possibly, we think, destroy the effect of the adjudication, or aid in the determination whether there has been one or not. It is undoubtedly true that, if the plaintiff was not entitled to a final order, he was not entitled to judgment. The same evidence would be required in either case. The precise matter in issue in this case was in issue in the special proceeding, and it was therein adjudged that the plaintiff was not entitled to the relief asked. The difference in the manner of enforcing a final order and a judgment is immaterial. It is said in argument that the court denied the relief asked in the motion, on the ground that the money had been paid to Evans after the dissolution of the partnership of Evans & Roadifer. Whether this is so we are not advised. The record fails to disclose the ground upon which the court proceeded, and therefore we are not called on to determine whether, if the court did so, it would destroy the effect of the adjudication. It is provided by section 2910 of the Code that judgment shall be rendered in said special proceeding according to law and the rules of equity. A trial was had, and the judgment dismissing the special proceeding recites that the court "heard the testimony adduced in support of and against the motion," and denied the motion as to H. H. Roadifer. This was a complete adjudication that H. H. Roadifer was not liable to the plaintiffs. If the plaintiffs were not satisfied with the judgment of dismissal, they should have appealed therefrom. An appeal is expressly authorized by subdivision 2, section 3164, of the Code. If there had been an order or judgment against the defendant Roadifer in that proceeding, he would have had no remedy except an appeal. The rights of the parties must be reciprocal. It would be an utterly indefensible position to hold that one of the parties was bound by the order in that case, and the other was not. A court has jurisdiction when it decides incorrectly, as well as when the decision is right. In *Hahn v. Miller*,

68 Iowa, 745, it is held that the most infallible test as to whether a former judgment is a bar to a subsequent action is to inquire whether the same evidence would have maintained both actions. Applying the rule in this case, it is very plain that the same evidence would sustain the motion which is necessary to sustain the petition. In *Dwight v. St. John*, 25 N. Y. 203, in determining the effect of a decision upon a summary motion to have certain judgments cancelled and discharged of record, it is said: "Since, then, a full hearing, with the right of appeal, was open to defendant on that motion, how is he to avoid the binding effect of that decision so far as it covers what was actually and necessarily tried?" In that case the fact that there was the right of appeal was a controlling consideration, leading to the determination that the decision of the motion was a bar to a subsequent action. As sustaining to some extent our holding that the decision of the motion was an adjudication, see, also, *In re Livingston*, 34 N. Y. 555, and *Easton v. Pickersgill*, 75 N. Y. 599. We think the court erred in holding that the special proceeding was not a prior adjudication.

II.   The libel is based on the matter stated in the motion. As it was authorized by statute, and only contained the essential facts entitling the plaintiff to the relief asked, and as there is nothing tending to show bad faith, we think the motion was a privileged communication, and therefore the court rightly held it was not libelous. For the error above indicated the judgment is

REVERSED.

REED, C. J., (*dissenting.*)— The facts are that Evans & Roadifer received the claim against Ely for collection. Upon the dissolution of the firm Evans retained it, and subsequently collected the money due thereon, and appropriated it; no part of it ever having come into appellants' possession. If the question of his liability, upon that state of facts, could have been determined in the summary proceedings, I concede that

the order made in that proceeding would have the force and effect of a final judgment; and the parties would be concluded by it. The proceeding, however, was purely statutory, and the court could inquire into and determine such questions only as the statute authorizes to be determined in that manner. Section 2906 of the Code is as follows: "Judgments or final orders may be obtained on motion by sureties * * * for the recovery of money due them on account of payments made by them as such; by clients against attorneys, plaintiffs in execution against sheriffs, constables and other officers, for the receiving of money or property collected for them. * * *" The effect of the provision is clear. A summary remedy is afforded the client against the attorney for money or property received or collected by him; but that is its extent. If he has a cause of action against the attorney, growing out of any matter except the collecting of money or property in his official relation, he must pursue the remedy offered him in an ordinary action at law. Suppose the attorney had been guilty of such negligence or mismanagement in the trial of an action that the rights and interest of the client had been sacrificed, would it be contended that the client could file a motion in the cause, and by the summary proceeding prescribed by the statute have the question adjudicated, and a judgment entered for the amount of his damages? Clearly that could not be done. Yet it appears to me that the facts of the present case no more afforded a basis for the proceeding than would that. Plaintiff filed the motion on the theory that the attorneys had collected the money. But it turned out that the collection was made by Evans alone, after the dissolution of the firm. When that fact was established, there was an end of the inquiry, so far as Roadifer was concerned. As he had neither collected nor received it, he could not be charged with liability in that proceeding. If he was liable, his liability arose not because of the fact that the money had come into his hands, but because of other

considerations. Having undertaken to make the collection, he was bound to see to it that the money, when collected, was paid over to his client; and it was because of his failure to do that that he was answerable to him. The judgment determines simply that he had not collected or received the money, and that is the only fact as to which the parties are estopped. It is the only question which could have been adjudicated in the proceeding. Upon this ground I think the judgment should be affirmed.