KATHERINE WISSLER, Appellee, v. THE CITY OF ATLANTIC, Appellant.

**Sidewalks:** EVIDENCE: REMARKS OF COURT. In ruling upon a motion
1    to exclude evidence of the condition of a sidewalk, the subject of the injury complained of, the court remarked in effect that walks do not generally become dilapidated in a day or two; held, that as the purpose of the evidence was limited by a further remark, to the time of the injury, it was not prejudicial.

**Pleadings:** DAMAGES. In an action for injuries received from a de-
2    fective sidewalk, a general allegation of the amount of damages is sufficient to cover a claim for nursing. Evidence considered and held to justify an award of damages for nurse hire.

**Contributory Negligence:** BURDEN OF PROOF. . In a personal injury
3    action. the burden is on plaintiff to negative a want of due care

at the time of the injury, but the burden is on defendant to establish plaintiff's subsequent negligence respecting the injury.

**Misconduct.** The conduct of a trial is in the discretion of the trial
4    judge, and, although the conduct of counsel in argument may be improper, the appellate court in this case cannot say that this discretion was abused in failing to set aside the verdict for that reason.

*Appeal from Cass District Court.*—HON. A. B. THORNELL, Judge.

FRIDAY, JANUARY 22, 1904.

ACTION to recover damages for a personal injury occasioned, as alleged, by a defective sidewalk. The trial was to a jury, and there was verdict and judgment in favor of plaintiff. The defendant appeals.—*Affirmed.*

*L. L. De Lano, John Hudspeth,* and *J. B. Rockafellow* for appellant.

*Swan & Bruce* for appellee.

BISHOP, J.—The sidewalk over which plaintiff was passing at the time of the alleged injury was constructed of boards laid crosswise upon stringers. The negligence on the

1. EVIDENCE: remarks of court.

part of the defendant city complained of is that the boards and stringers had been allowed to become rotten, so that they would not hold nails; that the nails had become rusted and broken, so that some of the boards were loose; that some of the boards were so far rotten that holes had come to exist in the walk—by reason of all of which the walk was unsafe and dangerous. Several witnesses testified that they had examined the walk at or near the place where plaintiff is said to have met with her accident, within a day or two after such accident, and they describe the walk as being out of repair, the boards rotten and loose, etc. The defendant moved the court to strike out such evidence because it related to the condition of the walk subsequent to the accident. In ruling upon the motion, the court said: "This is only material, if

at all, so far as it may tend to show what the condition of the walk was on the night of the accident. Of course, perhaps the condition of the walk all along there might be considered as tending to show whether it was such as to be apparent, so that people could see it readily." Counsel for Defendant: "I . think that would have to be confined to a time prior to the accident." The Court: "Yes; but a generally dilapidated condition don't generally take place in a day or two. If there is any such evidence as that, I will overrule the motion, with an admonition to the jury that they should consider this evidence only so far, if at all, as it may tend to show what the condition of the walk was at the time of the accident." Counsel for appellant do not, in argument, challenge the correctness of the ruling. The complaint made is that the remark of the court last above quoted constituted prejudicial error, in that therefrom the jury must have inferred that it was the opinion of the court that the sidewalk in fact was in a dilapidated condition. We are unable to see how the remark could be thus construed. Certainly the court did not undertake to state what was the condition of the walk, nor can the language be construed as expressing an opinon on that subject. We think the only effect of the remark was to convey to reasonable minds the idea that, if the evidence disclosed that the walk was in a generally dilapidated condition, it was probable that such condition did not come about in a day or two. The purpose of the evidence was carefully limited to the inquiry in respect of the ultimate fact to be determined, and we think there was no error. · We have examined the many cases called to our attention by counsel, and find nothing to disturb the conclusion reached by us.

II.   During the illness consequent upon the injury re- . ceived by plaintiff as alleged, she was nursed by her married daughter, Mrs. Proctor. In the tenth instruction the court

2. PLEADINGS:     told the jury, among other things, that, if plain-
   damages.       tiff was found entitled to recover, there might
be included in the verdict the reasonable value of the services of Mrs. Proctor, if the value thereof was shown by the evi-

dence. Of this appellant complains, and upon the ground that there is no warrant for such recovery either in the pleadings or the evidence. We think no error appears. It is stated in the petition, in effect, that it was necessary to employ nurses, and that nurses were employed to attend upon plaintiff. True, the amount which plaintiff paid out or became liable for on that account is not stated, but a recovery will not be barred for that reason alone. The general allegation of the amount of the damage sustained is broad enough to cover the claim for nursing. If defendant desired to be more specifically informed on the subject, a motion directed to that end would have been the proper procedure. Coming now to the evidence, Mrs. Proctor testifies that she nursed plaintiff for about six weeks; that her services were worth $1 per day. It appears that she had a family of her own, and lived apart from her parents; that she came to the home of plaintiff and took charge of her for the time stated. It may be that no formal contract of hire was entered into, but we think it sufficiently appears that, as between plaintiff and her daughter, it was expected and intended that compensation should be made for the services rendered. This being true, it is not for the defendant to draw nice distinctions as to the contract relations, inasmuch as nursing service is clearly recognized as a proper element of damage in all such cases. No question arises in this case as to whether the right of recovery for expenses of nursing, etc., was in plaintiff or her husband.

III. In the ninth instruction the court told the jury that plaintiff could not recover unless she had made it appear that in passing over the walk in question, and at the time of the accident to her, she was exercising ordinary care; that is, that in respect of such accident she was not guilty of contributory negligence. Appellant contends for error in the instruction, because therein the question of contributory negligence is limited to the time of the accident. Counsel seem to think that it was incumbent on plaintiff not only to allege and prove

3. CONTRIBU-
TORY negli-
gence: burden
of proof.

that her negligence did not contribute to the accident shown to have occurred, but that, to authorize a recovery, it must also be alleged and proven that, following the accident, she was not guilty of any negligence contributing to the conditions now complained of, and made the basis of her demand for damages. Our attention is not called to any case wherein such doctrine is announced. The case of *Rabe v. Sommerbeck,* 94 Iowa, 656, cited and relied upon by counsel for appellant, is not in point, and therefore not an authority. Such is true, also, of the cases cited in the opinion in that case. It is the well-established rule in this state that negligence on the part of the party injured, which contributed to the happening of the accident complained of, will bar a recovery. We need not discuss the reason for the rule, nor do we need to cite the cases. And the burden is upon the injured party to negative a want of proper care on his own part. But no case goes farther than to hold that the injured party must show that he did not contribute to the happening of his own injury; that is, that he was not responsible in any degree for the cause from which in the first instance his damage proceeds. And clearly enough it is the doctrine of the books that one shown to have been negligent, resulting in injury to another, can only be made liable for the natural and ordinary consequences of his act; and a complaining party must trace the consequences of which he complains to the negligent act alleged as the proximate cause. But the complainant need do no more than trace the effect to the cause. Having done so, it remains for the party charged to bring forward the proofs, if any such there be, to establish the fact that the result of the injury, as contended for, has been accentuated or aggravated by some intervening cause, the fault of the injured party. 3 Sutherland on Damages (2d Ed.) section 1255; 7 Am. & Eng. Ency. 387. Failure to exercise that degree of proper care and caution necessary to keep results within natural and ordinary bounds may operate, as a matter of course, to defeat a recovery in whole or in part, but it is a misnomer to speak of such as contributory negligence.

The negligence of a tort feasor ends when the accident out of which the injury grows is complete. From that time on the law holds him to a responsibility for consequences. If conditions arise which are not traceable to the accident as a proximate cause, .but which, on the contrary, are due to some act or want of care on the part of the injured party, such can in no sense be said to be the result of contributory negligence. .Contributory negligence presumes the presence of primary negligence on the part of some other party, and which is active and operating at the time. A failure to exercise proper care by an injured party following his injury is primary negligence in itself, and the rule that steps in here and forbids his recovery has its origin in the fundamental doctrine that one man may not cast upon another the responsibility for something which he himself has done or omitted to do, and in respect of which such other had no part. We conclude that there was no error in giving the instruction complained of.

IV. Misconduct on the part of counsel for plaintiff while making the closing argument to the jury is complained of. We are agreed that some of the statements made were improper in character, and ought not, therefore, to have been made. We may go farther, and say that, had the trial court set the verdict aside because of such improper conduct alone, we should refuse to disturb the ruling. This leads us to reiterate the saying that the orderly and proper conduct of a trial is confided to the discretion of the trial judge. It is for him to say, in the first instance, in the exercise of his discretionary power, whether or not there has been conduct prejudicial to the rights of the opposite party. It remains for us only to review such exercise of discretion. *Hull v. Alexander,* 26 Iowa, 569. While we may regard the conduct of counsel for plaintiff as being improper in some respects, yet we cannot say that the court abused its discretion in refusing to set aside the verdict for that reason.

4. MISCONDUCT.

V. We have examined each of the other errors assigned. In respect of requests for instructions which were refused,

we think the ground was fully covered by those given by the court. In respect of rulings made in connection with the admission of evidence, we find no prejudicial error. The instructions given are somewhat lengthy, but the law of the case is fully stated, and this as fairly to defendant as it had a right to expect.

The appellee filed an amendment to the abstract, and appellant moves that the same be stricken, for that it contains a needless repetition of the matters set forth in appellant's abstract; that it is devoted principally to the statement of unimportant details, and largely in the form of questions and answers. The amendment consists of seventy-five printed pages, and we have been compelled to go through and examine it, line upon line, in connection with the abstract of appellant. This we have done with patience, but envious of the time it has taken to do so. We find the amendment devoted almost entirely to the correction of typographical errors, to bringing forward unimportant omissions, and to setting forth in detail what was better stated in the abstract of appellant in brief, narrative sentences. We cannot believe such amendment to have been the personal work of either of the learned counsel for appellee. The cost of printing the same will be taxed to the appellee.

Finding no error in the record, the judgment of the court below is AFFIRMED.