GERTRUDE THOMAS, Appellant, v. JESSIE J. DISBROW et al., Appellees.

No. 39341.

874

MARCH 5, 1929.

REHEARING DENIED JUNE 24, 1929.

*Emmert & James,* for appellant.

*Parrish, Cohen, Guthrie, Watters & Halloran,* for Jessie J. Disbrow, appellee.

*John C. DeMar,* for Sidney W. Disbrow, appellee.

*John Y. Luke,* for Merle Baker, appellee.

FAVILLE, J.—I. The accident out of which this cause of action arose occurred in the evening of May 17, 1926. The appellee Jessie J. Disbrow was driving an automobile south on the public highway near the town of Ankeny. Her daughter was riding with her on the front seat, and the appellant was her guest, and was riding in the back seat of the car. The car overtook a truck, driving on the same side of the paved highway, and the appellee Jessie turned to the left, to pass said truck. She did so successfully, and after having accomplished this movement, appears to have become confused by the lights of a car approaching from the south, which was driven by one Baker. It is contended that the appellee Jessie lost control of the car she was driving, and it went from the paved highway into the ditch on the right side of the road, turning around in such a manner that it was

faced to the north. As a result of this movement of the car, the appellant was thrown violently forward, and suffered personal injuries, for which this action was brought. The court directed a verdict in favor of the defendants Baker and Sidney W. Disbrow. No error is assigned upon this ruling, and we therefore give it no further attention. We refer to Jessie J. Disbrow as the sole appellee.

The injury in question occurred May 17, 1926. The action was predicated upon the alleged negligence of the appellee in the operation of said car at the time of the injury, various grounds of negligence being specified, all of which pertain to the manner of the operation of said car. While said action was pending, and before trial, the legislature enacted Chapter 119 of the Acts of the Forty-second General Assembly, which became effective on July 4, 1927. Said act is as follows:

"That the law as it appears in section five thousand twenty-six (5026) of the Code, 1924, be and the same is hereby amended by adding at the end thereof the following:

"Provided, however, the owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire, unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

The trial court instructed the jury that appellant's right of recovery in said action must be under said Act of the Forty-second General Assembly, and that it was incumbent upon the appellant, before she could recover, to establish that the driver of said car was under the influence of intoxicating liquor, or that the injury was caused by reckless operation by the driver of the motor vehicle. There was no evidence of intoxication, and the court withdrew the same from the consideration of the jury, and submitted the question as to whether or not the appellee operated the car recklessly. The court instructed that, before the jury could find that appellee was guilty of the reckless operation of the car, they must find that she operated the same in a wanton and willful manner, in total disregard of the rights of

those who were riding in the car at the time and place in question.

At this point, the question for our determination is whether or not the statute in question, which was adopted by the legislature after the injury, and while the action was pending, is applicable to the instant case. Was the statute retrospective or prospective? It is a general rule of construction that statutes are to be construed as having a prospective operation only, unless the purpose and intention of the legislature to give them a retrospective effect is clearly expressed in the act, or necessarily implied therefrom. In cases of doubt, the statute is held to be prospective only. *Bartruff v. Remey,* 15 Iowa 257; *Knoulton v. Redenbaugh,* 40 Iowa 114; *State ex rel. Shaver v. Iowa Tel. Co.,* 175 Iowa 607, 624, and cases cited therein; *Foster & Son v. Bellows,* 204 Iowa 1052.

In *Freeby v. Incorporated Town of Sibley,* 195 Iowa 200, we considered a case where an action was brought for damages to an employee of an incorporated town, it being charged that the damages resulted from the negligence of the defendant town. The question of contributory negligence was involved in the case. We said:

"Under such circumstances, if he disobeyed the instructions and warning, and such disobedience resulted in his injury, he cannot recover, because of his own negligence. The appellee contends, however, that this rule is obviated in this case because of Chapter 277 of the Acts of the Thirty-sixth General Assembly (Section 3593-a, Supplemental Supplement, 1915), which provides as follows: 'That in all actions brought in the courts of this state to recover damages caused by the negligence of the defendant, the burden of proving contributory negligence shall rest upon the defendant. Provided that this act shall only apply to actions brought by an employee against his or her employer, or by a passenger against a common carrier, and in such cases contributory negligence may be pleaded in mitigation of damages.' This statute did not go into effect until July 4, 1915. The injury complained of, on which this suit was brought, occurred in June, 1914. Said statute affected a substantial right. It was not retrospective. We do not think it applied in this cause, where the action had fully matured prior to the time said statute

went into effect. In this case, the ordinary rule which required the appellant to allege and prove that the decedent was free from contributory negligence applied. It being true that the failure to obey the warning and instruction, if the jury found one had been given, under the facts of this case, was necessarily contributory negligence on the part of the decedent, the court did not err in telling the jury that such failure to obey such warning and instruction, if the same was given, would constitute a complete defense, and that, under such circumstances, it should return a verdict for the appellee.''

Closely analogous to the case at bar is the case of *Humboldt Lbr. Mfrs.' Assn. v. Christopherson*, 19 C. C. A. 481 (73 Fed. 239, 46 L. R. A. 264). The action was brought to recover damages claimed to have resulted from the negligent operation of a tug. An act of Congress passed subsequent to the transaction complained of was pleaded by the defendant. The circuit court of appeals, speaking through Mr. Justice McKenna, then on said court, said:

''The appellant further urges that it is exempt from liability by Section 3 of the Act of Congress of February 13, 1893 (27 Stat. 445). It reads as follows: 'If the owner of any vessel transporting merchandise or property to or from any port in the United States shall exercise due diligence to make the said vessel seaworthy, and properly manned, equipped and supplied, neither the vessel, her owner or owners, agent or charterers, shall become or be held responsible for damage or loss resulting from faults or errors in navigation, or in the management of said vessel,' etc. The acts complained of occurred in 1889, and therefore, if this statute was otherwise applicable in the circumstances of this case,—of which we express no opinion,—the statute would have to be given a retroactive operation to make it so. It is a well settled rule of construction that this is not done except under the compulsion of language so clear and positive as to leave no room for doubt that such was the intention of the legislature. There is no such compulsion in the language of the act relied on, and we may not so construe it.''

So, in the instant case, Chapter 119 of the Acts of the Forty-second General Assembly affected a substantial right. It was not

retrospective. The cause of action predicated on common-law negligence had fully matured prior to the time that said statute went into effect. The ordinary common-law rule with regard to negligence in the operation of an automobile applied. The statute did not affect the pending action, and the court erred in applying it to the facts of the case and in requiring the appellant to bring herself within the terms and provisions of said statute, in order to be entitled to recover upon the common-law rights upon which her action was based. The statute was not one that pertained only to the remedy. It was not retrospective, and was not available to appellee in the instant case. The trial court submitted the case to the jury solely on the theory of the applicability of the statute. This was error.

II. It is contended that the instructions of the court are argumentative and prejudicial. Several of the instructions in one form or another pertain to the statute which we have just considered, and were erroneous. The whole theory of the case will necessarily be changed, under this opinion in the event of a retrial, and any error in the instructions will doubtless be obviated.

III. The appellant amended her petition and reply, and in so doing, among other things, alleged "that, under the Constitution of the United States, the plaintiff's rights and liberties in the free exercise of her religious belief are guaranteed to her, and cannot be impaired by the defendant." The court sustained the appellee's motion to strike said portion of the amendment. One of the grounds of the appellee's defense to appellant's cause of action was that the appellant had been negligent in not giving proper treatment to her injury. This was obviously intended as a plea to reduce the damages. It developed upon the trial that the appellee and the appellant were both Christian Scientists. The appellant employed a "practitioner" belonging to that sect, who gave the appellant such treatments as are recognized by Christian Scientists. The above-quoted portion of the amendment which was stricken by the court pleaded matters that were wholly redundant, and immaterial to any issue in the case. No question of religious belief was involved, and under Section 11197, Code of 1924, said allegations in this amendment were properly stricken by the court. The duty resting upon the appellant in regard

to exercising ordinary care in the treatment of the injury is well established, and the stricken portion of the amendment had no relation thereto. As to the true rule in such cases, see *Wissler v. City of Atlantic*, 123 Iowa 11; *Rice v. City of Des Moines*, 40 Iowa 638; *White v. Chicago & N. W. R. Co.*, 145 Iowa 408; *Keyes v. City of Cedar Falls*, 107 Iowa 509. It was a question for the jury to determine whether or not appellant used the care required by the rule.

For the error pointed out, the judgment of the district court must be, and it is,—*Reversed*.

ALBERT, C. J., and EVANS, KINDIG, WAGNER, and GRIMM, JJ., concur.