**IN THE COURT OF APPEALS OF IOWA**

No. 23-0208
Filed December 6, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOHNATHAN DALE LAUE,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Warren County, Kevin Parker, District Associate Judge.

Johnathan Laue appeals the sentence and fine imposed by the district court. **AFFIRMED AND REMANDED.**

John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Thomas E. Bakke and Genevieve Reinkoester, Assistant Attorneys General, for appellee.

Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Jonathan Laue appeals the sentence and fine imposed after pleading guilty to driving while barred.[1]  Following a hearing, the district court sentenced Laue to two years of incarceration, a fine of $855.00, a criminal penalty surcharge of fifteen percent, payment of court costs, and court-appointed attorney's fees.  Laue challenges the decision to sentence him to incarceration instead of probation and the court's written order imposing a fine, which deviated from the court's oral pronouncement.  We affirm his sentence but remand to the district court to correct the clerical error in the written sentencing order.

We review Laue's sentence for an abuse of discretion.  *See Damme*, 944 N.W.2d at 105–06 (stating that a sentence that falls within statutory limits "is cloaked with a strong presumption in its favor and will only be overturned for an abuse of discretion or the consideration of inappropriate matters" (citation omitted)).  We afford the district court considerable latitude in imposing sentence rather than second-guessing its decision.  *See id.* at 106.  The court abuses its discretion when it bases its decision "on grounds or for reasons that were clearly untenable or unreasonable."  *Id.* (citation omitted).

In determining its sentence, the district court considered, "the protection of the public, the gravity of the offense, [Laue]'s criminal history, and [his] rehabilitative needs."  The court also referenced that Laue was on probation for

---

[1] Iowa Code section 814.6(1)(a)(3) (2023) provides a right of appeal following a guilty plea only "for a class 'A' felony or in a case where the defendant establishes good cause."  Because "good cause exists to appeal from a conviction following a guilty plea when the defendant challenges [the] sentence rather than the guilty plea," *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020), we proceed to the merits of Laue's appeal.

two convictions of driving while barred when he committed the present offense. Laue had been incarcerated for both convictions. The court cited that this was Laue's ninth conviction of driving while barred and then noted Laue had "been thumbing [his] nose" by continuing to drive without permission.

In arguing the court abused its discretion in imposing a term of incarceration, Laue relies heavily on the presentence investigation report's recommendation for a suspended sentence. Additionally, Laue refers to his personal and family circumstances in arguing for a strictly probationary sentence. But Laue fails to show the district court abused its discretion in imposing sentences of incarceration. A different judge on a different day may have imposed a different sentence, but that does not amount to an abuse of discretion. *See, e.g.*, *State v. Seats*, 865 N.W.2d 545, 553 (Iowa 2015) ("Judicial discretion imparts the power to act within legal parameters according to the dictates of a judge's own conscience, uncontrolled by the judgment of others. It is essential to judging because judicial decisions frequently are not colored in black and white. Instead, they deal in differing shades of gray, and discretion is needed to give the necessary latitude to the decision-making process." (citation omitted)). The district court provided valid reasons for rejecting probation and that support the sentences imposed. *See id.* (stating that "a district court did not abuse its discretion if the evidence supports the sentence").

Both parties agree that the written sentencing order incorrectly imposed a fine of $855.00 and a fifteen percent criminal penalty surcharge rather than suspend the fine, as articulated from the bench. This mistake appears to have been a clerical error. "An error is clerical in nature if it is not the product of judicial

reasoning and determination." *State v. Hess*, 533 N.W.2d 525, 527 (Iowa 1995). "[W]hen the record unambiguously reflects that a clerical error has occurred, we will direct the district court to enter a nunc pro tunc order to correct the judgment entry." *Id.* Thus, we affirm Laue's sentence for driving while barred and remand for the district court to correct the error by issuance of an order nunc pro tunc.

**AFFIRMED AND REMANDED.**

Bower, C.J., concurs; Ahlers, J., partially dissents.

**AHLERS, Judge** (concurring in part and dissenting in part).

I agree with and join that part of the majority decision concluding that the discrepancy between the district court's oral pronouncement of sentence and the terms of the subsequent written sentencing order requires enforcement of the oral pronouncement. *See State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995). I part ways with respect to the remedy chosen by the majority—remanding the case with direction to the district court to issue an order nunc pro tunc to make the written sentencing order consistent with the oral pronouncement. While I agree this is the usual remedy, *see id.* at 529, I do not believe this is a statutorily permissible remedy here. That is because the oral pronouncement imposed an illegal sentence, and we should not remand the case with the direction to impose an illegal sentence.[2]

To set the stage for the discussion of why I conclude the sentence imposed was illegal, I start with the sentencing terms announced at the sentencing hearing. In addition to imposing a two-year prison term, the district court imposed the minimum fine of $855.00 and suspended it. I see no problem with the term of incarceration. The problem lies with the fine. I believe suspension of part of the sentence—in this case, the fine—without placing Laue on probation amounts to an illegal sentence.

---

[2] As the issue is one of an illegal sentence and illegal sentences may be corrected at any time, our appellate courts have authority to correct the sentence even when neither party raises the issue. *State v. Wieneke*, No. 20-0126, 2021 WL 219222, at *1 (Iowa Jan. 22, 2021). We issued an order requesting supplemental briefing from the parties to address this issue. The order made supplemental briefing optional, and neither party submitted a supplemental brief.

My reasoning starts with the principle that "[s]entencing is wholly a creature of statute," which limits the court to "impos[ing] only a sentence authorized by statute." *Wieneke*, 2021 WL 219222, at *1. To try to find the authority for the sentence imposed here, Iowa Code section 901.5 (2022) is the place to start. Section 901.5 provides the district court the general authority and obligation to impose a criminal sentence. That section gives the sentencing court a variety of options. Iowa Code § 901.5. As the district court attempted to suspend part of the sentence, the specific option at issue here is that found in section 901.5(3), which gives the sentencing court the authority to impose a fine, a term of incarceration, or both, and then "suspend the execution of the sentence or any part of it as provided in chapter 907." *Id.* § 901.5(3). As this option points us to chapter 907, we look there next.

Section 907.3 lays out various sentencing options. As a suspended sentence is at issue here, section 907.3(3) controls, as it is the option dealing with suspending any part of the sentence. Section 907.3(3) tells us "the court may suspend the sentence *and place the defendant on probation upon such terms and conditions as it may require.*" (Emphasis added.) As the emphasized passage points out, the authority to suspend part of a sentence comes with the obligation to place the defendant on probation.[3] Further support for the conclusion that probation is required when any part of the sentence is suspended comes from section 907.1(4), which defines "suspended sentence" to mean "a sentencing option whereby the court pronounces judgment and imposes a sentence and then

[3] Section 907.7(1) and (2) then sets the term of probation as two to five years for felonies and one to two years for misdemeanors.

suspends execution of the sentence *subject to the defendant's compliance with conditions set by the court as a requirement of the suspended sentence.*" (Emphasis added.)  Finally, our case law directs that "if a district court pursues a sentencing option under section 907.3[,] it must place the defendant on probation under the form of supervision specified in the statute."  *State v. Thomas*, 659 N.W.2d 217, 222 (Iowa 2003).

There is no dispute the district court had the authority to suspend any part of Laue's sentence, including the fine.  But I see nothing in the relevant statutes—sections 901.5(3) and 907.3(3)—giving the district court the authority to suspend part of the sentence without also placing Laue on probation.  By suspending a portion of the sentence without putting Laue on probation, there is no future event that could trigger Laue's obligation to pay the suspended fine.  Because there is no circumstance under which Laue could become obligated to pay the fine, the fine is suspended in name only.  *See State v. Grey*, 514 N.W.2d 78, 79 (Iowa 1994) ("Suspending a fine and imposing no fine are not equivalent:  a suspended sentence is subject to later being executed if the defendant fails to comply with conditions set by the court.").  In reality, the fine was waived—an outcome not permitted by our sentencing statutes.  *See* Iowa Code § 903.1(2) ("There *shall* be a fine of at least eight hundred fifty-five dollars but not to exceed eight thousand five hundred forty dollars." (emphasis added)); *State v. Carr*, No. 12-2164, 2014 WL 667686, at *2 (Iowa Ct. App. Feb. 19, 2014) ("The mandatory minimum punishment for an aggravated misdemeanor is a fine of at least $625 [now $855].").

I recognize that it is a widespread and common practice for district courts to do what was done here by suspending the fine of a defendant sent to prison

without placing the defendant on probation. I also recognize that the practice makes practical sense. There seems to be little purpose served by imposing an unsuspended financial obligation on an incarcerated defendant, as the fine would be unlikely to provide any further penological purpose and frequently only serve to pile some unpayable debt on an incarcerated defendant. By the same token, suspending the fine and placing the defendant on probation also seems to serve little purpose, as the typical purposes of supervision are rendered moot by the defendant's incarceration—not to mention there would likely be little deterrent effect of the suspended sentence when violation of probation would simply trigger a repayment obligation rather than incarceration, which is already being served. So, when a defendant is sent to prison, suspending the fine without probation may be more attractive to district courts than imposing the fine without suspending it or suspending the fine with probation. But that is not one of the options the legislature has provided to our courts. Our courts are not at liberty to ignore the language chosen by our legislature and replace it with our ideas of justice and equality. *See Young v. O'Keefe*, 82 N.W.2d 111, 115 (Iowa 1957) ("We cannot however substitute our own ideas of justice and equality for the language used by the legislature. Our duty is jealously to guard the rules and processes of the law and not to invade the province of the legislature—to 'hew to the line, let the chips fall where they may.'"). Here, the statutory language is clear, and it provides no option of suspending part of a sentence without conditioning such suspension on imposition of probation.

Circling back to the specific issue here, due to the discrepancy between the oral pronouncement of sentence and the written sentencing order that followed,

the oral pronouncement controls. *See Hess*, 533 N.W.2d at 528. However, because the oral pronouncement purported to suspend the fine without also placing Laue on probation, the sentence imposed was not authorized by statute. The sentence is therefore illegal and void, and we are required to vacate it. *See State v. Woody*, 613 N.W2d 215, 217 (Iowa 2000) ("An illegal sentence is one that is not permitted by statute. . . . Because an illegal sentence is void, it can be corrected at any time."); *Hess*, 533 N.W.2d at 527 ("When a court imposes a sentence which statutory law does not permit, the sentence is illegal, and such a sentence is void and we will vacate it."). As a result, the remedy here cannot be to remand for issuance of a nunc pro tunc order to make the written sentencing order consistent with the oral pronouncement because the oral pronouncement was that of an illegal sentence. Instead, we are required to vacate the sentence as illegal and remand for resentencing.

For these reasons, I concur in the part of the majority opinion concluding that the oral pronouncement of judgment controls, but I dissent from the decision to remand with the direction to issue an order nunc pro tunc making the written sentencing order consistent with the oral pronouncement of sentence. Since the oral pronouncement imposed an illegal sentence, I would vacate the sentence and remand for resentencing.