THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. WILL CUSHMAN and M. J. CUSHMAN, Appellants.

**Insurance:** RIGHT OF FOREIGN COMPANY TO SUE HERE. A foreign insurance company, though having no permit to transact business in Iowa, may sue in the courts of this state on a note and mortgage given for a loan or advance of money, which is not connected with any form of business the company is prohibited from doing without a permit.

**Mortgages:** VALIDITY: ESTOPPEL. A mortgagor who has received and retained the benefits of a contract pursuant to which the mortgage was given, is estopped to deny the validity of the mortgage on the ground that the mortgagee was a foreign corporation and unauthorized to do business in this state.

*Appeal from Pottawattamie District Court.*— HON. O. D. WHEELER, Judge.

SATURDAY, APRIL 7, 1906.

ACTION in equity to recover judgment on a note and for foreclosure of a mortgage securing the same. The case was tried on an agreed statement of facts and a decree rendered for plaintiff from which defendants appeal.— *Affirmed.*

*Saunders & Stuart,* for appellants.

*Jacob Sims,* for appellee.

McCLAIN, C. J.— The question very briefly presented in this case, without citation of authorities on either side, is whether plaintiff, an insurance company, organized in another state not having a permit such as is required under Code, section 1637, to authorize it to transact business in Iowa, can maintain an action and recover in an Iowa court on a bond and mortgage executed to the company. The only facts appearing from the stipulation bearing on the nature of the business which plaintiff was transacting in Iowa are that the defendants made and delivered to the plaintiff their note for $500 and their mortgage deed securing the same, and that defendants have failed to pay the principal and interest on said note. It is clear, therefore, that the business which plaintiff was transacting in Iowa, so far as this record shows, was that of acquiring or receiving from defendants a note and mortgage. The last sentence of the section of the Code above referred to is as follows: " Nothing in this section shall be construed to prevent any foreign corporation from buying, selling, and otherwise dealing in notes, bonds, mortgages and other securities." We think this provision covers the transaction of receiving and accepting a note and mortgage executed to the foreign corporation for a valid consideration, when such transaction is independent of and not connected with any form of business which the company is prohibited from transacting without a permit. The statu-

1. INSURANCE: right of foreign company to sue here.

tory language was clearly intended to cover the ordinary transaction of loaning money on mortgage securities, and there is nothing in the stipulation of facts to indicate that the note and mortgage in this case were received for any other consideration than that of money loaned or advanced by the plaintiff to the defendant.

But, however this may be, we have held that the mortgagor, who has received and retained the profits of the contract in pursuance of which the mortgage is made, cannot be heard to assert the invalidity of his mortgage on the ground that the mortgagee is a foreign corporation which has failed to comply with the statutes prescribing the terms upon which a foreign corporation may do business in this state, the state alone being entitled to take advantage of the failure of the corporation to comply with the statute. *Spinney v. Miller,* 114 Iowa, 210. It is to be noticed that the statutory provisions referred to and relied on in this case are not those relating to the transaction by foreign insurance companies of business within the state, but those relating to the transaction of any business within the state by any corporation organized for pecuniary profit, and that the penalty for violation of these provisions, as declared in Code, section 1637, is the recovery of a specified penalty in a suit brought by the state, and the punishment of any agent, officer, or employé transacting business for the corporation when it has no valid permit.

2. MORTGAGES: validity: estoppel.

The judgment is *affirmed.*