F. R. FOSTER & SON, Appellee, v. BIME BELLOWS et al., Appellees; FRANK S. BOIES, Receiver, Appellant.

**STATUTES:** Construction—Non-retroactive Effect. The statute (Sec.
1    8427, Code of 1927) which denies to a foreign stock corporation which does business in this state the right to maintain in this state any action on any contract made by it in this state unless, before making the contract, it obtains from the secretary of state a specified permit to do business in this state, has no application to an action on a contract entered into prior to the enactment of the statute.

**ABATEMENT AND REVIVAL:** Pleading in Abatement—Effect. Prin-
2    ciple recognized that a party may not, after trial on matter of abatement, be permitted, in the same action, to answer or reply matter in bar.

**Headnote 1:** 14a C. J. p. 1315; 36 Cyc. p. 1205. **Headnote 2:** 1 C. J. p. 271 (Anno.).

**Headnote 2:** 1 R. C. L. 56.

*Appeal from Humboldt District Court.*—D. F. COYLE, Judge.

DECEMBER 13, 1927.

Action for judgment on promissory note and foreclosure of a mortgage securing the same. Relief was granted as prayed, and this appeal was taken by the defendant Frank S. Boies, receiver, above named.—*Affirmed.*

*Frank Maher* and *Leslie Parry,* for appellant.

*William J. Taft* and *C. W. Garfield,* for appellee.

KINDIG, J.—The determination here to be made is whether or not Section 8427 of the Code of 1924 bars the plaintiff-appellee from suing in Iowa on the obligation involved.

F. R. Foster & Son is a banking corporation, authorized to do and doing business under the laws of Wisconsin, at the town of Brandon, Fond du Lac County, in said state. On February 24, 1920, defendant Bime Bellows executed a promissory note payable to the bank in the sum of $19,000, due March 1, 1925, with interest thereon at the rate of 5½ per cent per annum. At the same time, to secure the negotiable instrument, Bellows, together with his wife, the defendant Bertha F. Bellows, signed and acknowledged a real estate mortgage covering land in Humboldt County, Iowa. Consideration for the transaction was a loan of money. William J. Taft, an attorney and loan agent at Humboldt, received the application from the borrower and forwarded it to Foster & Sons, in Wisconsin, where it was accepted by the lender. Likewise, the written promise to pay and contract of security were by him sent to the mortgagee at Brandon, in the foreign state, where they were approved and confirmed, and accordingly, a draft for the amount of the "loan" was mailed by that financial institution to Taft, and by him cashed and the proceeds delivered to the mortgagor, Bellows, or, at his direction, used to discharge past-due incumbrances on the farm in question.

1. STATUTES: construction: non-retroactive effect.

In the year 1924, Mr. and Mrs. Bellows conveyed the thus burdened premises to the First National Bank of Gilmore City, above named. Interest due March 1, 1926, was not paid, and taxes were allowed to become delinquent. Bellows, at the last mentioned date, was insolvent, and the First National Bank of Gilmore City financially embarrassed to the extent that it was taken over by the banking department, and appellant was appointed receiver therefor. Proceedings were instituted to satisfy the lien, resulting in a decree of foreclosure as against all defendants, including appellant, and personal judgment against Bime Bellows. As before mentioned, only one defendant appealed, and that was Frank S. Boies, receiver, before mentioned.

I. To defeat recovery, reliance is made entirely upon the legislation first above referred to. It reads as follows:

"No foreign stock corporation doing business in this state shall maintain any action in this state upon any contract made by it in this state unless prior to the making of such contract

it shall have procured such permit [to do business]. This prohibition shall also apply to any assignee of such foreign stock corporation and to any person claiming under such assignee of such foreign corporation or under either of them.''

That enactment first appeared in Chapter 139 of the Acts of the Thirty-ninth General Assembly, and became effective July 4, 1921. This was approximately sixteen months after appellee had advanced the funds and procured ''the note and mortgage'' declared upon in the case at bar.

Clearly, that statutory mandate does not control this litigation.

II. But rather, Code of 1897, as amended by the Supplement of 1913, governs this situation. Of this edition, Section 1637, among other things, provides:

''Nothing in this section shall be construed to prevent any foreign corporation from buying, selling, and otherwise dealing in notes, bonds, mortgages, and other securities.''

Such exception manifestly excludes appellee from the general statements of the law; for within the purview of this saving clause there is ample authority for the commencement and success of this suit. Upon this subject we said, in *Prudential Ins. Co. v. Cushman*, 130 Iowa 378:

''The statutory language [the legislation above referred to] was clearly intended to cover the ordinary transaction of loaning money on mortgage securities, and there is nothing in the stipulation of facts to indicate that the note and mortgage in this case were received for any other consideration than that of money loaned or advanced by the plaintiff to the defendant.''

III. Unless the paragraph of our 1924 Code relied upon by appellant is to be applied retrospectively, the requirements and exclusions of the 1913 Supplement must prevail.

Established principles of construction compel us to say that acts of the law-making body, unless otherwise plainly expressed, are aimed for the government of the future, rather than the past. *State ex rel. Shaver v. Iowa Tel. Co.*, 175 Iowa 607; *Bankers Life Co. v. Horsfall*, 48 S. D. 629 (205 N. W. 714).

*State ex rel. Shaver v. Iowa Tel. Co.*, supra, contains this language:

''Another well-settled canon of construction is that statutes should be construed prospectively, and not retrospectively; and

this is true although there be no constitutional impediment."

IV.  Without prohibition of the nature advocated, a foreign corporation may sue in the courts of this state in its corporate name.  Code of 1924, Section 10984.

V.  We do not decide the effect said Section 8427 of the Code of 1924 might or could have upon the merits of this legal quarrel, were it applicable, nor is any indication here given concerning our thought in that regard.

VI.  Appellant raised his point in the district court by plea in abatement, and trial was had thereon.  Complaint is now by him made because that tribunal did not, after the adverse ruling, permit the filing of a general answer containing defenses in bar.  Confronting this particular attack is Section 11223 of the Code of 1924, which recites:

2. ABATEMENT AND REVIVAL: pleading in abatement: effect.

"A party shall not, after trial on matter of abatement, be allowed in the same action to answer or reply matter in bar."

Moreover, opportunity was afforded for setting forth any excuse there may have been for refusing appellee the remedy sought, but this was rejected by appellant, on the theory that an appeal would be at once taken.

The judgment and decree of the district court is affirmed. —*Affirmed.*

EVANS, C. J., and STEVENS, FAVILLE, and WAGNER, JJ., concur.