MYERS *v.* THE OLD MISSION AND WHITBECK ROAD.

Where damages are claimed in consequence of the establishment of a county road, over the land of the claimant, the claimant should be styled upon the record, the plaintiff, and the petitioners for the road, the defendants ; and in their names should the cause be conducted through its various stages.

A road is not a person, natural or artificial, against whom, or in whose favor, any judgment or order can be entered or made.

Where M. filed his petition in the county court, claiming damages in consequence of the running of a county road over his land, in which the road was made defendant, from which court he appealed to the district court ; where in the district court a motion was made to dismiss the appeal, and which was overruled, and damages allowed the petitioner ; and where in the supreme court, it did not appear from the record, that the county court ever made any decision awarding or denying damages to the petitioner on account of the establishment of the road, nor was there anything to show that plaintiff ever claimed an appeal, or filed a bond within thirty days after the decision was made, or at any other time ; *Held,* That the motion to dismiss the appeal should have been sustained.

*Appeal from the Fayette District Court.*

FRIDAY, DECEMBER 10.

Myers filed his petition in the county court of Fayette county, claiming damages in consequence of the running of the Old Mission and Whitbeck road over his land. From the proceedings therein, he appealed to the district court.   A motion was there made to dismiss the appeal, which was overruled, and damages allowed the petitioner

to the amount of forty dollars. The defendant, (in the record styled the Old mission and Whitbeck road), appeals. The other material facts appear in the opinion of the court.

*McGlathery & McClintock*, for the appellant.

WRIGHT, C. J.—Upon several grounds, this case must be reversed. Whether the road sought to be established is more or less than five miles in length, does not appear. If less, then the law requires that those petitioning for it, shall give security for the payment of all the expenses attending the establishment of the same. If more, the petitioners are to give security for the payment of the expenses, if the road is not finally established. Code, sections 521, 522. In either case, if a claim for damages shall be made, the claimant should be styled upon the record the plaintiff, and those petitioning for the road, the defendants; and in their names should the cause be conducted through its various stages. In this case, who petitioned for the road does not appear; nor is there any party defendant shown throughout the record. Nor is the suit prosecuted as an *ex parte* proceeding, but throughout, Myers, (who claims the damages), is styled the defendant, and the Old Mission and Whitbeck road, the defendant. The defendant, (thus named), is not a person, natural or artificial, against whom, or in whose favor, any judgment or order could be entered or made. Strictly, or regularly, therefore, there was no cause pending, of which the district court could take cognizance.

But if · it be claimed that this entitling of the cause, may be rejected, and that the plaintiff has a right to have it considered as an *ex parte* proceeding against the county for damages, there are still other difficulties in the way of his recovery in the district court. An appeal lies from all decrees and decisions of the county court, on the merits of any matter affecting the rights or interests of individuals, as distinguished from the public, including an intermediate order involving the merits, and necessarily

affecting the decree or decision. The appeal is taken by claiming the same, and filing a bond, within thirty days from the day on which the decision was made. Code, section 131. Now, it does not appear that the county court ever made any decision, awarding or denying damages to the plaintiff, on account of the establishment of this road. The only thing found in the record, which approaches an order involving the merits, and necessarily affecting the decree or decision sought, is the ruling out of certain testimony offered by plaintiff. But this does not appear to have been appealed from, for the cause was heard in the district court upon the merits, whereas the merits were never passed upon by the county court. Not only so, but there is nothing to show, that plaintiff ever claimed an appeal, or filed a bond, as required by law, either within thirty days after the decision was made, or at any other time.

Under these circumstances, we think the motion to dismiss the appeal should have been sustained, and the cause remanded to the county court. And whether, when thus remanded, the plaintiff can proceed, must depend upon his making proper parties.

Judgment reversed.