Deaton v. The County of Polk.

## DEATON V. THE COUNTY OF POLK.

1. DAMAGES RESULTING FROM THE ESTABLISHMENT OF A ROAD. An appeal lies from a judgment of the county court, upon the report of appraisers appointed to assess the damages caused by the establishment of a road.

2. TRIAL IN THE DISTRICT COURT. The plaintiff (or remonstrant,) is entitled to have his damages found by a jury, on the trial in the District Court.

3. EVIDENCE. The report of the appraisers is not conclusive as to the amount of damages sustained by the plaintiff by reason of the establishment of a road, and other evidence showing the amount of such damages, is admissible.

4. MEASURE OF DAMAGES. In estimating the damages sustained by reason of the establishment of a road, the advantages that will result to the owner from the improvement, should not be considered.

5. SECTION OF THE CODE REPEALED. That portion of section 538, Code of 1851, fixing a rule for the estimation of damages is repealed by article 1, section 18, constitution of 1857.

6. TIMBER IN A ROAD. The public acquires the right of way only, over lands appropriated for the purposes of a road; the right of property in the soil and in the timber growing thereon, remains in the original owner.

7. PARTIES. In the proceedings to assess damages sustained by the establishment of the road, the remonstrant is the plaintiff, and the petitioners for the establishment of the road, the defendants. The county is not a party.

*Appeal from Polk District Court.*

THURSDAY, NOVEMBER 3.

ON the application of J. B. Chapman and others, to the county court of Polk county, a commissioner was appointed to examine and report to said court, as to the expediency of a proposed road in said county. The commissioners having reported in favor of the establishment of said road, the court appointed a day when the matter would be acted upon.

In due time James P. Deaton and James S. Mills, in writing, remonstrated against the establishment of said road, and severally claimed damages for the injury to result to them in consequence thereof.

The appraisers appointed to view the ground and report the amount of damages to be sustained by said claimants, reported to the court that the advantage accruing to the claimants from the road was equal to the damages sustained by them, and therefore they found that they were entitled to nothing for their damages.

The county court ordered the road to be established; that the said Deaton and Mills have no damages, and that they pay the costs occasioned by their application for damages.

Deaton appealed to the District Court, where, on the trial, exception was taken to the instructions given by the court to the jury, and to the admission of certain evidence offered by the plaintiff.

*Williamson & Nourse* for Deaton.

*Casady & Crocker* for the county.

STOCKTON, J.— It is objected by the defendant that the District Court, on appeal, allowed the plaintiff Deaton, to introduce evidence to show the inquiry sustained by him in the establishment of the road, in order to arrive at the damages to be awarded him. It is claimed by the defendant that the report of the appraisers is conclusive upon the question of damages, and that as they reported that the plaintiffs had sustained no damage, the court was bound thereby.

The appeal to the District Court is from this verdict of the appraisers, and from the judgment of the court thereon. The plaintiff was entitled to have his damages assessed anew in the District Court, by a jury, and the evidence introduced was proper to enable the jury to fix the amount of damages. The report of the appraisers was in no manner conclusive, when an appeal had been allowed and taken.

The District Court was asked by the defendant to direct the jury, "that in arriving at the amount of damages sustained by Deaton, they were to deduct therefrom the benefit that Deaton would receive from the road; and that if they

believed that the benefit resulting to Deaton would be as great as, or greater than, the damages sustained by him by its establishment, they must find for the defendant, that the plaintiff was entitled to no amount for damages." The court refused to give this direction to the jury, and in this refusal we think there was no error.

The compensation to which the plaintiff was entitled, was such a sum in money as would be commensurate with the injury sustained by him, in having his property taken for the purpose of a road. *Henry* v. *D. & P. R. R. Co.*, 2 Iowa 300. In estimating the damages the jury are not to take into consideration any advantages that may result to the owner of the land on account of the improvement for which it is taken. Constitution of 1857, article 1, section 18. The constitution repeals section 538, of the Code.

The District Court was further requested to instruct the jury, "that the establishment of a road through the timber land of the applicant, does not deprive the owner of the land, of the property in the timber growing thereon." This instruction the court refused to give, and in this refusal we think there was error. By the appropriation of the land for the purpose of a road, the public acquires only the right of way. The right of property in the soil, or in the timber growing upon it, is not changed. *Peck* v. *Smith*, 1 Conn. 103; *Webber* v. *East. R. R. Co.*, 2 Met. 147; *Atkins* v. *Boardman*, Ib. 457. Those whose duty it is to repair the highway may cut trees upon the road for that purpose, yet they are trespassers if they cut them for their own use; and a stranger cutting timber upon the highway is a trespasser. *Makepeace* v. *Weiden*, 1 N. H. 16; *Babcock* v. *Lamb*, 1 Cow. 238. It is held that the herbage belongs to the owner of the soil, and he may maintain trespass against one who puts his cattle into the highway to graze. *Stackpole* v. *Healy*, 16 Mass. 33; *Griffin* v. *Martin*, 7 Barb. S. C. 298.

We notice in conclusion what appears to us to be an irregularity in the proceedings, which may be corrected when the cause is returned to the District Court. The county of

Polk is not a defendant in the suit.    When there are remonstrants against the road who claim damages upon the establishment of the same, they should take the place of plaintiffs, and the petitioners for the road that of defendants.    The county is not a party to the suit.  *Myers* v.  *Old Mission and Whitbeck Road*, 7 Iowa 315.

For the error of the court in the charge to the jury, the judgment will be reversed.

Judgment reversed.