PRESTON *et al.* v. THE DUBUQUE AND PACIFIC RAILROAD COMPANY.

1. RIGHT OF WAY: TIMBER. The title to the timber standing on land appropriated to a railroad company under the provisions of the "Right of way act" (chapter 31, Laws of 1853), remains in the owner of the soil; and the company have a right to take and remove only so much thereof as may be necessary for the construction and repair of the road and its appurtenances.
2. "CONSTRUCTION." The word "construction" as used in the "Right of way act" implies not only the making of the road bed, but also its preparation and readiness for use in a safe and convenient manner.

*Appeal from Dubuque District Court.*

SATURDAY, OCTOBER 6.

THE jury in the District Court allowed plaintiffs $500 for the "Right of Way" asked by the Railroad Company over their lands. The court instructed: "If the strip appropriated by the railroad company is timber land, the jury will consider the fact in estimating the damages, and that the railroad take with the appropriation of the land *the right to*

*destroy or appropriate the entire timber on the strip, if the company should deem it necessary or convenient so to do,"* to which defendants at the time excepted.

A motion for a new trial was made upon the ground that this instruction was erroneous, that the verdict was excessive, and against the law and evidence. This motion was overruled and defendants appeal.

· *J. A. McKinlay* and *S. P. Adams* for the appellants.

*J. S. Blatchley* for the appellees.

WRIGHT, J.—The error in this instruction lies in this: that it gives railroad companies a right or privilege not conferred by the ' Right of Way Act," (Ch. 31, Laws of 1853,) and as a consequence, increases their liability beyond the proper legal measure. In other words, it makes them pay for that which they have no right to take.

When a railroad company, under the laws of this State, acquires the "Right of Way," whether by purchase, or the assessment of damages by a jury, there follows with it the right to take, remove, and use *for the construction and repair of the road and its appurtenances,* any earth, gravel, timber or other materials on or from the land so taken. (Section 1, Ch. 31, Acts of 1853.) The extent of the right to appropriate the timber, &c., on the strip of one hundred feet in width, is thus limited by the necessity existing for their use for the purposes of construction and repairs. If the instruction in this case had used only the language, that the company had the right to *appropriate* the timber on the strip if deemed necessary or convenient, it would have been little, if any, objectionable, when, or if taken in connection with the further thought, that such appropriation was to be for the purposes named in the statute. But even when thus considered, it is liable to the construction, that such appropriation might be for any purpose deemed necessary · or convenient by the company. And this certainly is not the

meaning of the law. The company has no right to determine the necessity for the use except as connected with the two objects named in the Act.

But if we look at the instruction a little more closely, it will be found to be still more objectionable. Under it, the jury could give damages, in view of the fact that the company had the right to *destroy* the entire timber on the strip if deemed necessary or convenient. This language, it seems to us, loses sight of those rights which are surrendered on the one hand by the proprietor of the land, and acquired on the other by the company. By this appropriation the public, or in this instance the company, acquires only the right of way. The property in the soil and the timber growing thereon remains unchanged, except that the company may in some instances, if necessary, for the purposes named in the statute, appropriate the timber found thereon. The right of property in the timber, is, however, not necessarily changed by the appropriation, any more than that in the soil. And there is certainly no warrant any where for the conclusion that such appropriation gives the right to *destroy* the timber. Unless necessary for the purpose of construction or repairs, the proprietor may remove the timber and use it as his own; it being understood by the word *construction* as here used, more is meant than the mere making of the road bed. The construction of the road implies its preparation and readiness for use; and not only so, but its use in a convenient and safe manner. Hence, though such timber might not be necessary for the construction of the track, it might be necessary to remove it for the safe running of the locomotive and cars. The right to thus remove, does not, however, carry with it the right to destroy, nor yet to appropriate it to the use of the company for the purpose of firewood or the like. *Deaton* v. *Polk County*, 9 Iowa 594; *Henry* v. *Dubuque & Pacific Railroad Company*, 2 Iowa 288.

We have had much difficulty in concluding that this case should be reversed, from the fact that other instructions

given by the court very manifestly lay down the law as above indicated. Upon the whole, however, we are inclined to think that this instruction had much weight in determining the verdict; that the jury were probably misled and confused by the language used, notwithstanding what had before been said; and that a new trial should therefore have been granted. 2 Iowa 30, and 463; *Sullivan et al.* v. *Finn,* 4 G. Greene 544.

Judgment reversed.