J. D. WOODWARD, Appellee, v. S. B. JACKSON, Sheriff, *et al.*, Appellants.

1. **Former Adjudication:** SIMULTANEOUS ATTACHMENTS ON DIFFERENT PROPERTY: CHATTEL MORTGAGE: INTERVENTION. The defendant sheriff having received at the same time two writs of attachment issued in two separate cases commenced by F. M. & Co., and A. L. & Co., respectively, against the same defendant, served the same by levies upon distinct portions of the same stock of goods. The plaintiff herein thereupon intervened in each of said attachment suits, claiming the property taken under each of said writs under a chattel mortgage upon the whole of said stock. Upon the trial of the case of F. M. & Co., the said mortgage being declared void, the plaintiff herein dismissed his petition of intervention in the case of A. L. & Co., and brought this action against the sheriff for the conversion of the property taken under the attachment in that case. *Held,* that the judgment in the case of F. M. & Co., was not a bar to the present action.

2. ——: ——: ——: ——. The dismissal of said petition of intervention did not have the effect of an acknowledgment on the part of the plaintiff, that the judgment in the case of F. M. & Co., was an adjudication of his rights under his mortgage in the case of A. L. & Co. Neither were the rights of said mortgagee affected by a judgment rendered in the latter case after the dismissal of his petition of intervention.

*Appeal from Plymouth District Court.*—Hon. C. H. Lewis and Hon. Scott M. Ladd, Judges.

Saturday, May 21, 1892.

This is an action brought against S. B. Jackson, sheriff of Woodbury county, and the other defendants, who are sureties on his official bond. It is for the value of certain merchandise taken by Jackson, as sheriff, under a writ of attachment in the case of *A. Louis & Co. v. J. H. Carver & Co.* The plaintiff claimed title to the goods by virtue of a chattel mortgage under which he had taken possession of the property before the attachment was levied thereon. To the third and fourth divisions of the defendant's answer the plaintiff demurred, and the demurrer was sustained. From that ruling the defendants appeal.—*Affirmed.*

*John N. Weaver*, for appellants.

*Joy, Hudson, Call & Joy*, for appellee.

Kinne, J.—The third division of the defendants' answer pleaded the following facts as a prior adjudication, viz.: That at the same time that the defendant sheriff levied on a portion of the stock of goods under the attachment sued out in the case of A. Louis & Co. v. J. H. Carver & Co., he also levied on another portion or part of the same stock of goods in another case, pending in the same court, wherein Farwell, Miller & Co. were plaintiffs and J. H. Carver & Co. defendants. That the writs of attachment in the two cases were

issued at about the same time, handed to the sheriff, at the same time, and that they were levied at the same time. That in making the levies the sheriff seized, took, and held separate and distinct portions of the goods under each writ. That the goods so taken were all covered by the plaintiff's mortgage on the stock of J. H. Carver & Co. That the plaintiff intervened in the suit of Farwell, Miller & Co. v. J. H. Carver & Co., and set up his mortgage on the goods, the fact of indebtedness due him which it secured, that he was in possession of the goods when they were attached, and claimed a first lien on the goods. The defendants in that action made answer, and filed a counterclaim against the plaintiffs, and the plaintiffs filed a reply thereto. The plaintiffs in said action answered the petition of intervention, denying any indebtedness of the defendants to the intervenor, and averring that his mortgage was fraudulent. Afterwards said cause was removed to the federal court, and, on a trial to a jury on the issues joined, it was adjudged that the mortgage of the intervenor was void, and a judgment was rendered therein against the intervenor, which is in full force. The plaintiff in the case at bar filed a petition of intervention in the case of A. Louis & Co. v. J. H. Carver & Co., in which issue was joined and it was afterwards removed to the federal court. After the trial of the Farwell, Miller & Co. case in the federal court, the intervenor in the case of A. Louis & Co. dismissed his petition of intervention, and judgment was rendered against the defendants in that case, and an order entered for the sale of the attached property. It is contended that the judgment in the case of Farwell, Miller & Co. v. J. H. Carver & Co., in which case this plaintiff intervened, is a bar to this suit. The plaintiff demurred to this division of the answer on the grounds that the parties were not the same in both suits; that there was no community of interest between

the plaintiffs; and the goods attached were not the same; and for other reasons. The demurrer was sustained.

I. There is no room for doubt as to the rules of law applicable in determining whether or not the facts pleaded in the defendants' answer constitute an adjudication as against the plaintiff in this action. To be a bar, a judgment must be between the same parties or their privies, and must equally bind both parties in the case in which an estoppel is claimed. *Myers v. Johnson Co.*, 14 Iowa, 48; *McDonald v. Gregory*, 41 Iowa, 513. See *Gardner v. Jaques*, 42 Iowa, 577. It must appear that the question in issue in the present action is the same as that passed upon and determined in the former action, and that it was determined therein on its merits. *Griffin v. Seymour*, 15 Iowa, 32; *Keater v. Hock*, 16 Iowa, 23; *Eckert v. Pickel*, 59 Iowa, 545. It is said in *Hahn v. Miller*, 68 Iowa, 748: "The same evidence which would establish his right of recovery in this action would also have established his claim in the former case, and the most infallible test as to whether a former judgment is a bar is to inquire whether the same evidence will maintain both the present and the former action." See, also, *Stodghill v. C., B. & Q. R'y Co.*, 53 Iowa, 341; *Goodenow v. Litchfield*, 59 Iowa, 226; *Bettys v. C., M. & S. P. R'y Co.*, 43 Iowa, 602. Measured by these principles, it seems clear that the demurrer was properly sustained. The parties were not the same in both actions, either in fact or in law. There was no privity between them. Privies are said to be "persons connected together, or having a mutual interest, in the same action or thing, by some relation other than that of actual contact between them; persons whose interest in an estate is derived from the contract or conveyance of others."

1. FORMER adjudication: simultaneous attachments on different property: chattel mortgage: intervention.

Black's Law Dictionary, p. 940. The plaintiffs in the two attachment suits were not acting together, or in any wise connected, nor had they a common interest in the actions brought or in the goods taken on the writs. The mere fact that the plaintiff in this action was an intervenor in the other, and that his mortgage therein in the federal court was held void can in no manner be construed as an adjudication of his rights in this action, wherein the parties are not the same. The actions were distinct, having no connection with or relation to each other. The levy was entirely independent of that made in the other case, and the property taken different from that taken on the writ in the other action. As against the plaintiffs in each action, the taking and conversion of the property by the defendant Jackson was the ground of the action. Surely, the plaintiffs in the attachment suits, which were in all respects independent of each other, and where there was no community of interest between them, would not be jointly liable for the trespass, if any, committed by Jackson. Each taking and conversion was a distinct act, having no relation to the other, no more so than if the writs had issued and been levied on different days. It will be observed that this is not a case of successive levies on the same goods. Nor can it be successfully claimed that the evidence in one case would apply in the other. The evidence would show that different goods were taken under different writs, in different suits. That the plaintiff's rights have not been adjudicated in the former action seems to us so plain as not to require argument.

II. The fourth count of the answer pleads substantially the same facts as are set out in the third count, and is demurred to upon the same grounds. It is, however, claimed under this count that as the plaintiff in this action who was an intervenor also in the action

of A. Louis & Co. v. J. H. Carver & Co., pending in the federal court, dismissed his petition of intervention, he thereby acceded to the effect of the judgment in the case of Farwell, Miller & Co. v. J. H. Carver & Co., as an adjudication of his rights under his mortgage in the A. Louis & Co. suit. We do not think this claim is seriously urged. No argument in support of this contention is made, nor are any authorities cited. The right of an intervenor to dismiss his petition of intervention at any time before judgment, is well settled. Nor will he be estopped by the judgment afterwards rendered in the case from subsequently litigating the same matter. *Dalhoff v. Coffman*, 37 Iowa, 290. See, also, *Shepard v. Pratt*, 32 Iowa, 299.

The judgment of the district court is AFFIRMED.