C. T. GOBEN, Appellee, v. F. O. AKIN, Appellant.

No. 39750.

NOVEMBER 12, 1929.

*Lee R. Watts, George A. Johnston,* and *O. M. Slaymaker,* for appellant.

*Higbee & McEniry* and *W. W. Bulman,* for appellee.

MORLING, J.—Defendant had contracted with the city of Creston to do curbing and guttering and the subgrading therefor. Plaintiff alleges an express verbal contract with defendant to do the subgrading at 55 cents per superficial yard. He claims only part performance, and asserts, as excuse for not fully performing, that, to enable plaintiff to carry on the work, it was necessary and agreed that he should be paid every two weeks; that defendant did not make such payments, and consequently plaintiff was compelled to discontinue the work. He asks to recover at the contract rate for the work done. Defendant denies the making of any contract with plaintiff at any time, and denies that the work was done for him. It is the theory of the defendant that a subcontractor for the grading, and not the defendant, employed plaintiff. Plaintiff's testimony, in substance, is that he had a contract with the city of Creston, for which he was to do excess grading at 40 cents per cubic yard; that, on Thursday in August, the day before President Harding was buried, he told defendant that he was going to do the city work at 40 cents per cubic yard, and defendant "said he had the curb and gutter, subgrade to take out for the curb and gutter. He wanted to know if I would do the work the same as I done it for the city, and I said, 'No, there ain't no finishing work ever done the same as taking out excess dirt.' * * * He said he had subbed this here to some fellers at Marshalltown, and they weren't getting along fast enough, and wanted to know if I would do it the same as I done the city work, and I told him 'no.' He says, 'What will you do it for?' 'Fifty-five cents a superficial yard.' * * * He says, 'Go ahead and do it.' I told him I had to have a rough estimate of the work every two weeks, to carry on this business. He said, 'Will you leave it to Phil DeVoe?' I says, 'Yes, I will leave it all to the city engineer.' He said he would pay me every two weeks, would probably hold back 10 or 15 per cent. * * * Phil DeVoe was city engineer." "He said he would make an estimate, and pay me every two weeks." A number of witnesses with more or less definiteness testify to portions of this conversation, and identify the defendant as the party to it. De-

fendant denies that he was present or had any conversation with the plaintiff about the work, and introduced a subcontractor for the work, living at Marshalltown, who testified that it was he who had the conversation, and the agreement was for 55 (or 50) cents per cubic yard. Similar facts, in some respects, but quite different issues and questions, were presented in *Goben v. Des Moines Asph. Pav. Co.*, 208 Iowa 1113.

I. The contract was made in Union County, for performance there, and so far as performed, was performed in Union County. Defendant is a resident of Adams County, to which he unsuccessfully asked that the venue be changed. The question must be determined by construction of Section 11042, Codes of 1924 and 1927, of which Section 3498, Code of 1897, is the predecessor. Section 3498 reads:

"An action may be brought against any * * * person engaged in the construction of a railway, canal, telegraph or telephone line, on any contract relating thereto or to any part thereof, or for damages in any manner growing out of the work thereon, in any county where such contract was made, or performed in whole or in part, * * *"

As will be seen from Section 11042, Code of 1927, there were inserted by amendment, after the words "telephone line," the words "highway, or public drainage improvement," and between the words "growing out of the" and the word "work," the words "the contract or," so that the section now reads:

"An action may be brought against any * * * person engaged in the construction of a railway, canal, telegraph or telephone line, *highway, or public drainage improvement,* on any contract relating thereto, or to any part thereof, or for damages in any manner growing out of the *contract or* work thereunder, in any county where such contract was made, or performed * * *"

Defendant says that the amendment is not retroactive. The action was brought after the amendment took effect. The statute is merely one of procedure, and remedial. Defendant had no vested right in the venue prescribed by the statute in force at the time the contract was made. Plaintiff was entitled to the remedy and

to the procedure allowed by law at the time he commenced his suit, including the venue. *State v. Dorland,* 106 Iowa 40; *Galusha v. Wendt,* 114 Iowa 597, 602; *Shelby-Downard Asph. Co. v. Enyart,* 67 Okla. 237 (170 Pac. 708); *Ward v. Swartz,* 25 Ohio App. 175 (158 N. E. 318); *Barnes v. Jemison* (Tex. Civ. App.), 27 S. W. 182; *Walker v. Alexander* (Tex. Civ. App.), 212 S. W. 713; *Central Georgia Power Co. v. Stubbs,* 141 Ga. 172 (80 S. E. 636).

Defendant urges that he "was not engaged in the construction of a * * * highway." The word "highway" is generic, though in particular statutes it may doubtless be specific. "All streets are highways, but not all highways are streets." *Sachs v. City of Sioux City,* 109 Iowa 224, 227. We do not hold that the word may not, by reason of the context or for other reasons, in particular cases, be held to be specific. 4 Words and Phrases 3292 *et seq.*; 2 Id. (2d Ser.) 877. But we are of the opinion that contracts relating to streets in municipalities are within the letter and spirit of the section. Defendant further argues that the work was not "construction," but "grading preparatory to the making of a street improvement." The meaning of the word "construction" is variable, depending on the subject-matter and connection. In *Preston v. Dubuque & Pac. R. Co.,* 11 Iowa 15, it is said:

"The construction of the road implies its preparation and readiness for use; and not only so, but its use in a convenient and safe manner."

See 2 Words and Phrases 1465 *et seq.*; 1 Id. (2d Ser.) 924 *et seq.* To restrict to the mere opening of a highway or street and to the original improvement thereof the operation of a statute passed when highways have been practically all established and opened, but when the state is engaged in great projects for improving important existing highways, and cities are likewise improving their streets, would be to charge the legislature with solemnly enacting a meaningless absurdity. Without elaborating, we are of the opinion that the subgrading in question, the preparation for curbing and guttering for paving, was "construction of a * * * highway," within the meaning of Section 11042.

II. Defendant offered to prove "that the fair and reason-

able and usual compensation for doing such work as Goben did for curb and gutter at the time that he did it'' was from 50 to 60 cents a cubic yard. The offer was rejected. Defendant's contention is that unreasonableness of the price claimed by plaintiff to have been agreed upon is a circumstance that may properly be considered on the question whether the contract asserted was in fact made. Plaintiff relies upon *Seevers v. Cleveland Coal Co.*, 179 Iowa 235, 244, where the court said:

"But where, as here, the dispute is wholly over the making of any contract at all, and no question is raised as to the amount of commission to be paid in the event there was such contract, the rule of inadmissibility obtains."

See, also, *Ransom-Ellis Co. v. Eppelsheimer*, 205 Iowa 809. Whether this is correct doctrine or not is matter which the court does not now determine. The court is of the opinion that the *Seevers* case is inapplicable to the case now before us. It is not disputed that plaintiff was employed by express contract to do the work for which he is suing. The testimony of plaintiff and his witnesses is that it was the defendant who employed him, and that the employment was for the agreed price of 55 cents per superficial yard. Defendant denies that it was he who entered into the contract with plaintiff, and introduces the testimony of a subcontractor that it was he who made the agreement with plaintiff, and that the agreement was for 55 cents (or 50) cents per cubic yard. The evidence, therefore, raises two questions: (1) Whether it was defendant or the subcontractor who made the contract with plaintiff; (2) whether the price agreed upon was 55 cents per superficial yard or 50 or 55 cents per cubic yard. On the latter question, the court is of the opinion that evidence of reasonable and ordinary compensation for such work should have been received, as bearing on the probability whether the price agreed upon was the one rate or the other. *Sullivan v. Herrick*, 161 Iowa 148; *Johnson v. Harder*, 45 Iowa 677; *Roberts v. Roberts*, 91 Iowa 228.

III. It is said that the court should have submitted the question of former adjudication. The former action was between plaintiff and the city, in which, as defendant claims, plaintiff

 sought to recover for the same work that he is now suing for, which action was settled. The court submitted this matter, except the claim of former adjudication. There was no action between this plaintiff and this defendant in which an adjudication might be made. There was no adjudication.

IV. Defendant urges objections to the sufficiency of the evidence on particular propositions and to the sufficiency of the evidence as a whole. As the case must be retried, we withhold any expression upon these matters. Other questions argued need not arise on new trial.—*Reversed*.

ALBERT, C. J., and STEVENS, DE GRAFF, WAGNER, and GRIMM, JJ., concur.