CHARLES C. MADDY, Appellee v. SAIDEE C. PARK, Appellant.

No. 42976.

OCTOBER 15, 1935.

REHEARING DENIED JANUARY 24, 1936.

900

Wm. A. Hunt, for appellant.

Jones & White, for appellee.

MITCHELL, J.—Charles C. Maddy has been a practicing attorney in the city of Ottumwa since 1913, doing no actual trial work, but working with other attorneys in investigations and obtaining evidence in the preparation of cases for trial, and also does commercial photography. Along about December 1, 1933, he was called to the law office of Jones & White, where a conference took place between him, Mrs. Park, and Mr. White. At that time Mr. White was the attorney of record, representing Mrs. Park in her divorce suit against her husband,' Clyde E. Park. In this conference Mrs. Park said she had a large number of witnesses that had to be interviewed and a great many pictures that she would like to have taken. She was advised by Mr. White that Mr. Maddy could interview the witnesses and take the pictures, and that it would cost her less than if he did it, as Mr. Maddy charged only $20 a day, whereas he would have to charge $35. Thereupon Mrs. Park furnished to Mr. Maddy a list of a great many witnesses that she desired to have interviewed, and she also gave to him a list of properties to photograph, Mr. Maddy informing her that the photographs would cost $4 a negative, and Mrs. Park said, "Make the pictures." Mr. Maddy proceeded to interview the witnesses, sixty or seventy in number, and to take the pictures. The case was finally reached for trial, and, according to Mr. White's testimony, he told Mrs. Park in the presence of Mr. Maddy that Mr. Maddy was not needed any longer, but she replied that she desired to

have him present during the trial. He remained during the eleven days that the case was on trial. Mrs. Park was successful in securing a divorce and allowance of alimony in the lower court, and, after a threatened appeal to the Supreme Court by Clyde E. Park, Saidee Park and Clyde Park forgot their difficulties and went back to live again as man and wife. Mrs. Park refused to pay the appellee in this case for the services rendered, and he commenced this suit at law, in three counts. Counts one and three were for investigation and services rendered prior to and during the progress of the divorce suit; count two for taking photographs. This case was brought against both Saidee C. Park and Clyde E. Park. The lower court granted judgment against Saidee C. Park for $447.82, but dismissed the case as to Clyde E. Park. Saidee C. Park appealed to this court from the judgment rendered against her. Appellee did not appeal from the dismissal of his suit against Clyde E. Park.

.The appellee is seeking to recover fees for services in the investigation of evidence and interview of witnesses preliminary to and during the trial of the divorce action to which the appellant was a party, and also for the taking of numerous photographs which were used in evidence in the trial of the divorce action, under an employment contract with the appellant herein. For some reason or other, not appearing in the record, a jury was waived and the cause was submitted to the court.

■■■ It is a well-established rule in this state that, where a jury is waived in a law case, which is tried to the court, the findings of the trial court on questions of fact are equivalent to the verdict of a jury, and, where there is a substantial dispute in the evidence, the Supreme Court is bound by the finding of the lower court.

In the case of City of Cherokee v. Ætna Life Insurance Co., 215 Iowa 1000, on page 1003, 247 N. W. 495, 497, this court said:

"The jury having been waived in this case, the court was in the same position that a jury would have been in. * * *

"This court has repeatedly held that, where the cause is tried to the court without a jury, the findings of the trial court on questions of fact are as conclusive and binding upon the Supreme Court as the verdict of a jury, and such findings will not be reviewed or disturbed by the Supreme Court where there is any evidence to substantiate them."

In the case at bar there is the testimony of Maddy, the appellee, and of Mr. White that Mrs. Park was present at the time that Maddy was employed to investigate the case for her and to interview the witnesses; that she at that time consented to the arrangement and gave to Mr. Maddy a list of witnesses interviewed; that prior to the trial of the case she consulted with the appellee and furnished additional lists of witnesses at various times; that she requested that he take photographs of certain properties involved in the case, all of which was done. Witnesses whom Maddy interviewed were used as witnesses on Mrs. Park's behalf in the trial, and the photographs taken by Maddy were introduced as exhibits. At the time of the trial Mr. White suggested to Mrs. Park that it was not necessary to have Mr. Maddy present, but she desired to have him attend the sessions of the trial, which he did. Mrs. Park denies most of this, but admits that Maddy was present and that she did furnish him with lists of witnesses to interview. Thus there was a dispute in the evidence which was submitted to the lower court. The jury having been waived, this court is therefore bound by the findings of the lower court. There is ample evidence in the record in regard to the value of the services rendered, which justifies the amount allowed by the lower court.

■■■ The other question raised by the appellant is that, since an attorneys' fee was allowed to her attorneys in the case of Saidee C. Park v. Clyde E. Park, the parties and attorneys are bound thereby, and the matter is therefore res adjudicata. This same question was raised by Saidee Park in the case of Duke v. Park, 220 Iowa 889, 262 N. W. 799, and in that opinion this court discusses the question and holds that the defense was not good. No good could be accomplished by repeating it here.

Judgment and decree of the lower court must be, and it is hereby, affirmed.

KINTZINGER, C. J., and ALBERT, ANDERSON, DONEGAN, POWERS, HAMILTON, and RICHARDS, JJ., concur.