LLOYD L. DUKE, Appellee, v. SAIDEE C. PARK, Appellant.

No. 42978.

890

OCTOBER 15, 1935.

REHEARING DENIED JANUARY 24, 1936.

William A. Hunt, for appellant.

Charles Bookin and Jones & White, for appellee.

MITCHELL, J.—This is an action at law, brought by Lloyd L. Duke, now deceased, who during his lifetime was a practicing attorney at Ottumwa, Iowa, to collect an attorney's fee. The petition alleges that he was employed by Saidee C. Park to assist in the trial of a divorce action that she was bringing against her husband, Clyde E. Park; that an oral contract was entered into between them that he was to receive as compensation for his services the sum of $50 per day for trial work and $35 per day for office work. Saidee C. Park set up as her defense a general denial, and specifically denied that there was any agreement oral or otherwise, that any fees were to be paid to the appellee, Duke, other than might be allowed to him by the court in said divorce action. And she further pleaded as a defense that, since attorneys' fees were allowed by the court to her at-

torneys in the case of Saidee C. Park v. Clyde E. Park, by reason thereof the matter of appellee's attorney's fees in connection with the said case had been adjudicated in said cause of action and appellee was thereby estopped from claiming or having any further or additional allowance of attorney's fees against her. For some reason or other not appearing in the record, a jury was waived and the cause was submitted to the court. Evidence was offered, arguments were heard, and the lower court entered judgment in favor of the appellee, Duke. Appellant, being dissatisfied with the finding and decree of the lower court, has appealed to this court.

Saidee C. Park and Clyde E. Park were wife and husband, living in Ottumwa, Iowa. The path that they were following did not seem to be a very smooth one; difficulties arose between them; and Saidee C. Park commenced action against Clyde E. Park in what is known as equity cause No. 14589, praying for a divorce upon the grounds of cruel and inhuman treatment, asking for alimony, attorneys' fees, and suit money. The action was brought by Jones & White, a firm of lawyers practicing in Ottumwa. They represented Saidee C. Park, but before the trial commenced Mrs. Park decided she desired, in addition to the firm of Jones & White, the services of Lloyd L. Duke. She went to Mr. Duke's office and asked him if he would participate in the case as one of her lawyers. The testimony of Duke was that he said he would enter the case upon two conditions: first, that it was satisfactory to Jones & White, who were her attorneys of record; and, second, upon Mrs. Park agreeing to pay him $50 per day while engaged in the trial of the case and $35 per day for office work. Mrs. Park in her testimony denied that there was any agreement to pay any specific sum and that Duke was to receive his compensation out of the amount of money which the court would allow as attorneys' fees, if she was successful in her action. Duke did go to see Jones & White, and it was satisfactory to them that he enter the case. The divorce action proceeded to trial. It was the claim of Saidee Park that her husband had property of the value of $90,000. The record in the divorce action shows that she was in error as to the value of the property, for, instead of being $90,000, it was approximately $29,000. Eleven and a half days were consumed in the trial of the case. Preparation and briefing of legal questions took up a great many other days. Duke and the other attorneys asso-

ciated with him were successful in securing a decree of divorce, monthly alimony, and the award of some $4,000 in addition thereto. No doubt the amount which was secured by way of alimony was not as large as Mrs. Park had anticipated. The court allowed in the divorce action an attorneys' fee of which Duke's share amounted to $333.34. This amount was deducted from the amount which the court allowed Duke in this action, which was in the amount of $880, less the sum of $333.34.

There was a threatened appeal to the supreme court by Clyde E. Park, the husband, but, before the appeal was perfected, Clyde Park and Saidee Park forgot the difficulties of the past and were reunited as man and wife. Then the trouble arose as to payment of the attorneys for the services they rendered.

■■■ The issue of fact was thus raised as to the terms of the contract of employment. This is a law case, in which a jury was waived and the case tried to the court. It is a well-established rule in this state that "where a jury is waived in a law case and it is tried to the court, the finding of a fact issue by the court is equivalent to the verdict of a jury, and where there is a substantial dispute in evidence, the Supreme Court is bound by the finding of the lower court."

In the case of City of Cherokee v. Aetna Life Ins. Co., 215 Iowa 1000, on page 1003, 247 N. W. 495, 497, this court said:

"The jury having been waived in this case, the court was in the same position that a jury would have been in. * * *

"This court has repeatedly held that, where the cause is tried to the court without a jury, the findings of the trial court on questions of fact are as conclusive and binding upon the Supreme Court as the verdict of a jury, and such findings will not be reviewed or disturbed by the Supreme Court where there is any evidence to substantiate them."

In the case at bar there was a dispute in the evidence, and this court is therefore bound by the findings of the lower court.

■■■ But the appellant pleads as one of her defenses that, since an attorneys' fee was allowed to her attorneys in the case of Saidee C. Park v. Clyde E. Park, the parties and attorneys are bound thereby, and the matter, therefore, is res adjudicata. One of the essential elements of this defense is that there is an identity of parties or their privies in both actions.

In the case of King City, Mo., v. Southern Surety Co., 212 Iowa 1230, on page 1235, 238 N. W. 93, 96, it is said:

"It is elementary that in order for a judgment in a former action to constitute res adjudicata or an estoppel, the subsequent action must be between the same parties or privies of the parties to the former litigation."

In the case of Goben v. Akin, 208 Iowa 1354, on pages 1358, 1359, 227 N. W. 400, 402, this court said:

"It is said that the court should have submitted the question of former adjudication. The former action was between plaintiff and the city, in which, as defendant claims, plaintiff sought to recover for the same work that he is now suing for, and which action was settled. The court submitted this matter, except the claim of former adjudication. There was no action between this plaintiff and this defendant in which an adjudication might be made. There was no adjudication."

In the case of Kinkead v. Peet, 164 Iowa 65, at page 70, 145 N. W. 313, 315, this court said:

"It ought to be needless to say that an attorney cannot ordinarily obtain an adjudication in his own favor of a controversy as between him and his client while representing his client as his attorney in the same action; and this is so regardless of whether other attorneys may be associated with him or not. In the present case, the issues framed were those between the plaintiff and the defendant. The defendant had no interest in the controversy between the plaintiff and his attorney. Such controversy, if any, was outside the real issues of the case.

"In so far as the decree entered in this case may appear to adjudicate any controversy between the appellant and his attorney over the fruits of the litigation, it will be modified so as to reserve such controversy from the adjudication, leaving all such questions open to be determined in an appropriate action between such parties themselves."

In the divorce case the issues were between Saidee C. Park and her husband. Lloyd L. Duke had no interest in that controversy except to represent his client in the best possible manner and to obtain for her the best results possible. He was not a party to that action, and clearly no such privity existed be-

tween the appellee and his client as to bind Duke in any manner in so far as his claim for attorney's fees against his own client for services is concerned. The appellee entered this case at the request of the appellant. She was primarily liable to him for the services rendered in her divorce case, and the fact that the court made an award to the appellee for attorney's fees out of the husband's estate in the divorce action to apply on the fees due the appellee does not constitute an adjudication of the extent of the liability of the appellant to the appellee for such services.

Judgment and decree of the lower court must be, and it is hereby, affirmed.

KINTZINGER, C. J., and ALBERT, ANDERSON, DONEGAN, POWERS, PARSONS, RICHARDS, and HAMILTON, JJ., concur.