JONES & WHITE, Appellee, v. SAIDEE C. PARK, Appellant.

No. 42977.

OCTOBER 15, 1935.

SUPPLEMENTAL OPINION ON PETITION FOR REHEARING AND REHEARING DENIED JANUARY 23, 1936.

William A. Hunt, for appellant.

Ralph W. Burt and Jones & White, for appellees.

KINTZINGER, C. J.—Plaintiffs, a firm of attorneys at Ottumwa, Iowa, bring this action against the defendant for legal services alleged to have been rendered for her, as plaintiff in a prior divorce action, in which they appeared as her counsel. Plaintiffs claim that these services were rendered upon an oral agreement by the defendant to pay them $35 per day for services in preparing that case for trial and $50 per day for services rendered in court and outside of the city of Ottumwa. They also claim $30 additional for expenses incurred on her behalf for the services of three appraisers in the divorce action. They further allege that it was agreed that any attorneys' fees allowed for plaintiff's attorneys in the divorce action were to be credited upon their account for services rendered in that action, under said agreement. Plaintiffs further allege that, pursuant to their agreement, they secured a divorce and alimony for their client, Saidee C. Park, the defendant in this action, and that the services performed by them under such agreement amounted to $1,500. They further allege that the court allowed them the sum of $666.67 to be applied on attorneys' fees in the divorce action.

The defendant filed a general denial, and as a separate defense alleged a prior adjudication of the claim for attorneys' fees because of the amount allowed for them in the divorce action.

The case of Lloyd L. Duke, Appellee, v. Saidee C. Park, Appellant, 220 Iowa 889, 262 N. W. 799, is a companion case herewith. In that case Duke, who was an associate counsel for plaintiff in the divorce action, also brought an action for the recovery of attorney's fees rendered therein. The facts in relation to the divorce action and the results obtained therein are fully set out in the case of Duke v. Park, and a further recital thereof is deemed unnecessary here.

The lower court in this action found that an oral agreement

was entered into as alleged in plaintiffs' petition, under which plaintiffs were to receive $35 per day for services in preparing for trial of the divorce action and $50 per day for services rendered in court and outside of the city of Ottumwa. There was evidence in the case from which the lower court could find that said contract was entered into and that services were performed thereunder; there was also evidence tending to show that the amount due therefor was $1,500, and fixed that sum as the amount due plaintiffs for services in the divorce action.

The lower court in this action also found that the plaintiffs, in the prior divorce action, were allowed the sum of $666.67 as attorneys' fees therein, to be taxed against the defendant in that action. The lower court also found that, after deducting that amount from $1,500 awarded in this action, there was still due the plaintiffs herein for legal services rendered in the divorce action the sum of $833.33; in addition thereto, the court also awarded plaintiffs $30 for the amount expended for appraisers in the divorce action, making a total of $863.33, and entered judgment therefor. Defendant appeals.

▌▌▌ I. This being a law action, tried to the court, its finding necessarily has the same effect as the finding of a jury; and if there was any evidence in the case supporting the finding of the court, the Supreme Court is bound thereby. City of Cherokee v. Aetna Life Insurance Co., 215 Iowa 1000, loc. cit. 1004, 247 N. W. 495.

In discussing this question in the case of City of Cherokee v. Aetna Life Insurance Co., 215 Iowa 1000, loc. cit. 1004, 247 N. W. 495, 497, we said:

"This court has repeatedly held that, where the cause is tried to the court without a jury, the findings of the trial court on questions of fact are as conclusive and binding upon the Supreme Court as the verdict of a jury, and such findings will not be reviewed or disturbed by the Supreme Court where there is any evidence to substantiate them."

This question was fully considered in the case of Duke v. Park, hereinabove referred to, and a further discussion thereof is deemed unnecessary here.

As there was evidence in this case to substantiate the findings of the lower court, we cannot disturb its conclusion.

▌▌▌ II. The appellant also pleads as a separate defense

that the allowance of attorneys' fees in the divorce action constitutes an adjudication of that question and that the allowance of an additional amount in this case upon the oral agreement alleged to have been entered into cannot be sustained.

This question was also fully considered by this court in the case of Duke v. Park, 220 Iowa 889, and we are controlled thereby. In the Duke case we held that, as the attorneys for plaintiff in this action were not a party to the divorce action, the judgment rendered by the court therein does not constitute an adjudication. This question was fully considered in the case of Duke v. Park, and a further discussion thereof is deemed unnecessary here.

For the reasons hereinabove set out, we are forced to the conclusion that the judgment of the lower court is right, and the same is hereby affirmed.—Affirmed.

All Justices concur, except PARSONS, J., who took no part.

SUPPLEMENTAL OPINION ON PETITION FOR REHEARING.

KINTZINGER, J.—In her petition for rehearing, appellant claims:

1. That this court was wrong in holding that it is bound by the facts found by the lower court; and

2. That this court was wrong in holding there was no prior adjudication..

■■■ I. It is the settled rule of law in this state that where a law action is tried to the court without a jury, the finding of facts by the lower court has the same effect as the verdict of a jury, where there is any evidence to substantiate the finding of the lower court. Butterworth v. Farmers & Merch. St. Bank, 211 Iowa 1327, 236 N. W. 83; City of Cherokee v. Aetna Life Ins. Co., 215 Iowa 1000, 247 N. W. 495; Jones v. Wilson, 219 Iowa 324, 258 N. W. 82; Russell v. Peters, 219 Iowa 708, 259 N. W. 197.

In City of Cherokee v. Aetna Life Ins. Co., 215 Iowa 1000, loc. cit. 1003, 247 N. W. 495, this court said:

"The jury having been waived in this case, the court was in the same position that a jury would have been in. * * * This court has repeatedly held that, where the cause is tried to the court without a jury, the findings of the trial court on questions

of fact are as conclusive and binding upon the Supreme Court as the verdict of a jury, and such findings will not be reviewed or disturbed by the Supreme Court where there is any evidence to substantiate them."

If, therefore, the evidence is sufficient to support the finding of the trial court, it is binding upon the Supreme Court. It is not for the Supreme Court to determine whether or not the case has been established by "a preponderance of the evidence". That is a question for the jury, and its functions cannot be usurped by the Supreme Court. In this case, there was a clear conflict in the evidence upon the question as to whether or not the defendant had entered into a contract for attorneys' fees as alleged in plaintiffs' petition. The lower court determined this question adversely to the defendant upon the evidence. It is, therefore, impossible for this court, under the law, to set aside such finding. It is also true that if the lower court had found the issue in favor of defendant, this court could not have disturbed such a finding. It is, therefore, the defendant's misfortune that the lower court found the facts in favor of plaintiffs.

■■■ II. Appellant also complains that the lower court erred in failing to hold there was a prior adjudication on the question of the amount of attorneys' fees due from defendant to plaintiffs, because the lower court, in the divorce proceedings, awarded defendant, or the plaintiff in that case, a certain amount for attorneys' fees. The decree awarding such attorneys' fees in the divorce action expressly provided that the amount allowed was "to apply on their fees for services to plaintiff."

The question of attorneys' fees in the divorce action related to the amount plaintiff in that action might recover against the defendant, and not as to the amount her attorneys could recover from her. They were not parties to the divorce action, and while the allowance of attorneys' fees against Mr. Park was an adjudication as to the amount she could recover from him, it was not an adjudication of the amount of attorneys' fees they could recover from Mrs. Park. Hubbard v. Ellithorpe, 135 Iowa 259. There was no issue raised in the divorce case as to the amount of attorneys' fees due from Mrs. Park to her attorneys under a contract or otherwise. In order to constitute a prior adjudication, there must have been an identity of issues as well as

parties in the prior action. Woodward v. Jackson, 85 Iowa 432, 52 N. W. 358; In re Dille, 119 Iowa 575, 93 N. W. 571; Mitchell v. Vest, 157 Iowa 336, 136 N. W. 1054; Betz v. Moore-Shenkberg Grocery Co., 197 Iowa 1348, 199 N. W. 254; Ashman v. City of Des Moines, 209 Iowa 1247, 228 N. W. 316.

In the case of Woodward v. Jackson, 85 Iowa 432, loc. cit. 435, 52 N. W. 358, this court said:

"To be a bar, a judgment must be between the same parties or their privies, and must equally bind both parties * * *. *It must appear that the question in issue in the present action is the same as that passed upon and determined in the former action.*"

The question as to the amount of attorneys' fees due her attorneys from Mrs. Park was not an issue in the divorce action.

For these reasons and the reasons stated in the original opinion, the petition for rehearing is overruled.