In re Estate of Elvy W. Wulf.

E. A. Norelius, guardian of Wesley Eugene Peterson, a minor, and Wesley Eugene Peterson by Gladys Riley, his mother and next friend, Appellees, v. Louie H. Wulf, as administrator and individually, Appellant.

No. 47482.

(Reported in 38 N. W. 2d 577)

August 5, 1949.

Page & Nash, of Denison, for appellant.

E. A. Raun and R. E. Franck, both of Denison, for appellees.

Mulroney, J.—This is an appeal which we granted from an interlocutory ruling. The case is one in which the claimant, now fourteen years old, is attempting through his guardian to establish his right to inherit as an illegitimate son of Elvy W. Wulf who died intestate and unmarried. The defendant, Louie H. Wulf, is the deceased's brother who was appointed administrator of deceased's estate. He answered claimant's application to remove him as administrator and claimant's petition to establish claimant's right as sole heir of deceased by setting up in

three divisions (of the five-division answer) that certain proceedings which had been had, shortly after the birth of claimant, constituted a full and complete settlement of any and all claims he might have against Elvy W. Wulf, his property or his estate; that the judgment entered in said proceedings was a verity and the application and petition constituted an improper collateral attack on said judgment; and that the proceedings and the judgment rendered therein were res judicata of the claim set forth in the application and petition.

These proceedings which defendant pleaded were such a complete defense grow out of the claim made by Gladys Peterson that deceased was the father of her infant son (claimant) and the compromise of said claim. They consist of an application for approval of agreement and compromise, an agreement, and an order of court approving same. This application is by Gladys Peterson, the mother of claimant, and Elvy W. Wulf and it states Gladys Peterson "in good faith" has made the claim that Elvy W. Wulf is the father of her child (the claimant herein) and by reason thereof is liable for his support and maintenance, as provided by law. The application further states that Elvy W. Wulf "without conceding his paternity of said child" has agreed with Gladys Peterson pursuant to section 12667-a46, Code of 1931, and subject to the approval of the court, to compromise and settle his liability, if any, for the support of said infant. The agreement is attached to the application and it is enough to state it is an agreement to compromise and settle claims by claimant's mother against deceased by the payment of a sum of money to claimant's mother for his support. The court order approved the settlement agreement and relieved Elvy W. Wulf from further liability for the support of claimant, after the payment of the sums mentioned in the settlement agreement. The order then stated that "all remedies now existing, or such as may hereafter be provided by law, of the said Gladys Peterson and of the said infant son, against the said Elvy W. Wulf, or against his property by reason of any claim that the said Elvy W. Wulf is the father of said infant, be forever barred, foreclosed and cut off."

The trial court sustained plaintiff's motion to strike the three divisions where defendant pleaded the foregoing proceedings on the ground that these proceedings did not constitute an affirmative defense to plaintiff's action. It is this ruling which we are asked to review.

I. The trial court was clearly right. The proceedings did not do more than bar further claims against Elvy W. Wulf for support of claimant. They could not be interpreted as barring claimant's rights, if any, to inherit. This is so clearly evident from a mere reading of the proceedings that, on this interlocutory appeal, we are not disposed to give extended consideration to the several propositions urged by defendant. There is no merit in any of them. The action is not a collateral attack on a judgment and the judgment is not res adjudicata of the claim asserted. The ruling of the trial court is affirmed.—Affirmed.

All JUSTICES concur except MANTZ, J., not sitting.