Patricia Ann **HENKE,**
Petitioner-Appellee/Cross-Appellant,

v.

Douglas **BURRIER,**
Respondent-Appellant/Cross-Appellee.

No. 84–782.

Court of Appeals of Iowa.

March 26, 1985.

Emmit J. George, Jr., Iowa City, for respondent-appellant/cross-appellee.

John Bulkley, Asst. John Co. Atty., for petitioner-appellee/cross-appellant.

Heard by OXBERGER, C.J., and HAYDEN and SACKETT, JJ.

OXBERGER, Chief Judge.

The parties, who were never married to each other, are the parents of a daughter born in 1967. In a 1967 judicial proceeding, the respondent was adjudicated to be the child's father and was directed to pay support of $10 per week until the child's sixteenth birthday.

In 1983 the petitioner filed the present proceeding requesting support from the child's sixteenth birthday to her eighteenth birthday. The trial court directed the respondent to pay $40 per week in child support until the child's eighteenth birthday. The respondent has appealed, contending the 1967 ruling precluded the present action under the doctrine of res judicata. The petitioner has cross-appealed; she contends the support award should be larger and should be retroactive to the child's sixteenth birthday, or at least to the date the petition was filed.

The appellant-father claims the action cannot be brought for support for two reasons. He first states that the claim is barred by the doctrines of claim and issue preclusion since the issue of support was adjudicated in 1967. He also argues that the language of section 675.30 of the Code is controlling, which indicates that when an agreement or compromise is made by the father and the mother or child, it is binding when fully secured by payment and when approved by a court having jurisdiction to compel support.

While some reference is made by appellant to bringing the action at law, this is an equity case and our review is de novo. Iowa R.App.P. 4.

We agree with the trial court's well-reasoned opinion on these two questions. First, the claim is not res judicata because it does not deal with the same issue. The first issue presented to the court was sup-

port of the child until she was sixteen. The court could not have considered support between ages sixteen and eighteen since, at that time, the statute did not provide for support orders beyond that age. Subsequent to the court's order and before the child turned sixteen, the Code was amended in 1980 to allow support through the child's eighteenth birthday. Iowa Code § 675.25 (1983). Two different questions were involved: support from birth to sixteen; and support from age sixteen to eighteen. This is not the situation reflected in the case cited to this court by appellant of *B & B Asphalt Co. v. T.S. McShane Co.*, 242 N.W.2d 279 (Iowa 1976). There the plaintiff brought a second lawsuit on the same transaction after the claim had already been adjudicated. *Id.* at 287. We are also unpersuaded by appellant's claim that the holding of *Young* applies that when the same evidence supports both actions, the claim is identical. *Young v. O'Keefe*, 248 Iowa 751, 82 N.W.2d 111 (1957). As we have indicated, two different time periods are being considered, involving varying evidence regarding the child's needs and parents' ability to pay.

■ Second, we do not find section 675.-30 of the Code limits the mother's ability to recover here. The Code indicates the agreement is binding when "fully secured by payment or otherwise and when approved by a court ..." The appellee indicates, and the father does not present evidence to the contrary, that as of a year following the child's sixteenth birthday, the father was $385 in arrears in his payments.

As recently indicated by the supreme court, Chapter 252A provides an "'additional or alternative civil remedy,' § 252A.8 not 'superced(ing) any previous order of support issued in a divorce or separate maintenance action.'" *State, Iowa Department of Social Services v. Blakeman*, 337 N.W.2d 199, 201 (Iowa 1983). Further, "The specific language of the act ... obviates any necessity to grapple with issues of res judicata or preclusion." *Id.* at 204. The trial court also found that the agreements referred to at section 30 of Chapter 675 contemplated the type of settlement where paternity is not adjudicated, but a lump sum payment is made by the father in lieu of further action. *See In re Wulf's Estate*, 240 Iowa 1022, 38 N.W.2d 577 (1949).

We agree with the trial court that the action by the mother was properly brought.

■ We agree with the cross-appellant's point that the support award should have been made retroactive to the child's sixteenth birthday. Instead, the court ordered the award made retroactive to the date of its interlocutory order which found the claim was not precluded by res judicata. Iowa Code section 675.3 provides that support furnished may be recovered for two years prior to bringing the action. The petition was filed October 17, 1983, and the child turned sixteen May 12, 1983. The court has relied on section 675.3 of the Code to find that a paternity award could be made of support for a time period thirteen months before the order. *Moen v. McNamara*, 272 N.W.2d 438, 443 (Iowa 1978). We hold that the award will be retroactive to the date of May 12, 1983.

■ The mother also urges that the support award is too low. She says the court should have considered the father's overall gross income for 1983 of $19,800. She says instead, the court dwelled too much on the lowest amount he made during this time rather the highest he had received. Further, the court found her expenses to be "approximately $1000," when they were listed at $1400.

■ While our review is de novo, we give weight to the trial court's findings regarding the credibility of the witnesses. Iowa R.App.P. 14(f)(7). We find the court could properly consider the lowest wage earned by the appellant, since he is a carpenter and intermittently may find himself facing unemployment because of the unpredictable tendencies and seasonal nature of that type of work. We affirm the award of $40 per week.

AFFIRMED AS MODIFIED.